(No. 30992.—)

JOHN C. BLACK, Appellant, *vs.* JEWEL GRAY, Appellee.

*Opinion filed May 19, 1949—Rehearing denied September 19, 1949.*

BELLATTI, ARNOLD & FAY, of Jacksonville, for appellant.

MARK O. ROBERTS, of Springfield, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff filed suit in the circuit court of Greene County to declare a constructive trust in his favor in certain land held by defendant. Defendant moved to dismiss the amended complaint, on the ground that the cause of action therein alleged is unenforceable under the Statute of Frauds. The court granted the motion, and upon plaintiff's election not to plead further, entered a decree dismissing the com-

plaint for want of equity. Plaintiff appeals directly to this court.

The complaint as amended alleges that plaintiff entered into an oral agreement with defendant whereby he employed the latter as his agent to purchase on behalf of plaintiff all the interest of one Harry Littleton in certain real estate adjoining plaintiff's property; and that prior to making the agreement defendant assured plaintiff that he did not wish to acquire the property for himself. Under the terms of the agreement defendant was authorized to agree, on behalf of plaintiff, to pay any sum not exceeding $1000 for such interest, and plaintiff agreed to furnish and place at defendant's disposal the amount of such price and all funds needed for the negotiation and consummation of the purchase. Defendant was to receive as commission one half of all savings he could effect in obtaining a price under $1000. As a part of the agreement it was further provided that plaintiff would purchase directly the interest of one Henry Morey, who held a tax deed to a portion of such premises previously sold for delinquent taxes.

It is then alleged that after plaintiff had acquired the interest of Morey, the defendant purchased for himself the interest of Littleton in the premises, for a price alleged on information and belief to be not more than $1000, and procured a deed in his own name; that plaintiff made tenders and demands on defendant for a conveyance of the premises; and that defendant refused to comply therewith.

The question presented is whether the allegations of fact, being taken as true in accordance with the principles of pleading enjoined by the Civil Practice Act, impresses defendant's legal title with a constructive trust in plaintiff's favor, or whether they merely disclose an oral contract for the sale of lands, unenforceable under the Statute of Frauds. The law is well settled that if one occupying a fiduciary position toward another obtains title by virtue thereof to property constituting the subject matter of the relationship,

equity converts him into a trustee of the legal title. The question is accordingly resolved into the issue whether defendant, by entering into the alleged contract, placed himself in a fiduciary relation to the plaintiff. If such a relationship was created the fact that he used his own funds to acquire title does not forestall this result. It must be assumed that he did so by virtue of that relationship and for the benefit of the plaintiff. See *Doner* v. *Phoenix Joint Stock Land Bank,* 381 Ill. 106, 114.

There can be no doubt, from the allegations, that defendant undertook to act for plaintiff as his agent, for which he was to be paid a commission. The complaint alleges that "it was agreed between them that the defendant would act as the agent or representative of the plaintiff, in the purchase, for and on behalf of the plaintiff of any and all outstanding interest of the said Harry V. Littleton in said premises." The relation of principal and agent is a fiduciary one, whereby the agent assumes the duty not to deal with the subject matter for his own advantage. The effect of his acquisition of title, therefore, was the creation of a constructive trust with an equitable duty to turn over such title to the plaintiff.

We are aware that there are authorities holding that an agent verbally employed to negotiate a purchase of land for another, but who purchases it for himself with his own funds, cannot be compelled to convey that land to his principal. But the reasoning on which they are based is, in our opinion, contrary to fundamental principles of equity. The agent's breach of duty is something more than a mere breach of contract, which, it may be conceded, is not such fraud as will give rise to a constructive trust. An ordinary purchaser under an oral contract deals only at arm's length. He has placed no confidence or trust in the party from whom he seeks to compel a conveyance. But it is the essence of an agent's obligation that he act on behalf of his principal. It is the breach of this primary duty which

gives rise to a constructive trust, not the mere failure to convey the title he acquired as a result thereof. There seems to us to be a material distinction between the case where an interest in land is a consideration for the contract, and is acquired as a direct result thereof, and the case where such interest arises only as a remote or indirect result of the contract, and from an abuse of the relations thereby established. In the case at bar the alleged contract itself does not purport to create any interest, legal or equitable, in the land therein referred to. Its sole purpose and effect is the creation of a relation of principal and agent. The land itself formed no part of the consideration. The consideration promised by the plaintiff was the designated commission; that promised by defendant was the service he undertook to render on plaintiff's behalf. The fact that the subject matter of the agency is land does not alter the legal effect of a violation of his fiduciary duty. Despite cases to the contrary, the modern current of authority is that if an agent undertakes to negotiate for land on behalf of his principal and purchases the property with his own funds, thereby acquiring the title, he becomes a constructive trustee for the principal's benefit. The Statute of Frauds interposes no bar to the enforcement of such constructive trusts. *Doner* v. *Phoenix Land Bank*, 381 Ill. 106.

*Stephenson* v. *Thompson*, 13 Ill. 186, cited by defendant, is distinguished from the case at bar by the fact that no fiduciary relationship was present. The proof there disclosed a mere parol agreement that Thompson should convey the premises to Lindsay, the plaintiff's predecessor in title, on being reimbursed his advances by Lindsay. We there observed that "The property was purchased by Thompson in his own name, and paid for with his own money. He was not guilty of any bad faith in taking the title to himself, but he received it with the knowledge and consent of Lindsay. The most that can be said is, that he agreed by parol to let Lindsay have the property, on being

reimbursed his advances; * * *." The agreement was not to act on Lindsay's behalf in making the purchase but merely to resell after he had purchased for himself. In the case at bar, on the other hand, the undertaking of defendant to act on plaintiff's behalf in dealing with Littleton was admitted by the motion to strike.

For the reasons stated above, we conclude that the decree of the trial court is erroneous. It will therefore be reversed and the cause remanded, with directions to deny the motion to strike.

*Reversed and remanded, with directions.*