(No. 32207.—

JOHN C. BLACK, Appellee, *vs.* JEWEL GRAY, Appellant.

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

MARK O. ROBERTS, and HUGH J. GRAHAM, JR., both of Springfield, for appellant.

BELLATTI, ARNOLD & FAY, of Jacksonville, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This case comes here on appeal from the circuit court of Greene County to reverse a decree of the chancellor declaring a constructive trust in favor of plaintiff, Black, in certain land held by defendant, Gray.

Plaintiff filed a suit in the circuit court of Greene County to have a constructive trust declared in his favor. Defendant moved dismissal, alleging the cause to be unenforceable under the Statute of Frauds. The court granted the motion and dismissed the complaint for want of equity. On appeal, this court found the Statute of Frauds imposed no bar to the enforcement of constructive trusts, and reversed and remanded the cause to the circuit court to deny the motion to strike. *Black* v. *Gray,* 403 Ill. 503.

The complaint alleged that plaintiff entered into an oral agreement with defendant whereby he employed the latter as his agent to purchase on behalf of plaintiff all the interest of Harry Littleton in certain real estate. This real estate lay between two plots of realty owned by plaintiff, and constituted a fire hazard to plaintiff's property. Defendant conducted a cleaning business upon the property here in question, but prior to making the agreement, it is alleged, he assured plaintiff that he did not wish to acquire the property for himself. Under the terms of the agreement defendant was authorized to agree, for plaintiff, to pay any sum not exceeding $1000 for such interest, plaintiff furnishing and placing at defendant's disposal the amount of such price and all funds needed for negotiation and consummation of the purchase. Defendant was to receive as commission one half of any saving he could effect in

obtaining the interest for less than $1000. The agreement also provided that plaintiff would directly purchase the interest of one Henry Morey, who held a tax deed to a portion of such premises previously sold for delinquent taxes.

The complaint then alleged that, after plaintiff had acquired the interest of Morey, the defendant purchased for himself the interest of Littleton in the premises for a price alleged on information and belief to be not more than $1000, and procured a deed in his own name; that plaintiff made tenders and demands on defendant for a conveyance of the premises; and that defendant refused to comply therewith.

Defendant denied all allegations, contending he tendered to plaintiff the amount of cash expended by the plaintiff and his predecessor, Henry Morey, in connection with the alleged tax title, plus seven per cent interest per annum. Defendant prayed that the complaint be dismissed, that plaintiff be enjoined from trespassing on the realty, that plaintiff's tax title be declared null and void and that he be required to account to defendant for damages suffered by reason of plaintiff's interference with defendant's enjoyment of the premises.

The trial court found all of the material allegations of the complaint were proved by a preponderance of the evidence and so entered a decree conforming almost completely to the complaint. Defendant was ordered to convey to the plaintiff and in default thereof the master in chancery was ordered to convey.

The defendant complains that there is no proof of agency. The chancellor found an agency relation to exist between the parties, with plaintiff as principal and defendant as agent. Where the chancellor has heard the testimony in open court, this court will not reverse his findings of fact unless they are palpably against the weight of the evidence. (*Clark* v. *Clark,* 398 Ill. 592.) John Black, the

plaintiff, Chris Walker, a salesman in the plaintiff's auto business, and Julian Hutchins, an attorney who had performed legal services for both the parties, all testified to the existence of an agreement, whereby defendant voluntarily agreed to act for the plaintiff in the purchase of the property. Plaintiff testified to several conversations between defendant and himself concerning defendant's employment as set out in the alleged agreement. Chris Walker was present when one of these conversations occurred. In that conversation defendant disclaimed any interest in purchasing the property for himself, and said he would be glad to help Black obtain it. Walker also testified that Gray and he had several conversations during which Gray stated he was going to help Black get the property. Julian Hutchins testified that defendant said he would get the job done for Mr. Black, and that he would do anything to help plaintiff get the property. Only defendant denied and refuted the agency relation and agreement. Certainly the chancellor's determination, in the light of this testimony, is not palpably contrary to the manifest weight of the evidence. We must, necessarily, take the agency relation as a fact. The agency existed in order to bring about the acquisition of Harry Littleton's interest in the property by defendant for conveyance over to plaintiff, as found by the chancellor.

Where one occupies a fiduciary relation as agent for another, and thereby gains something for himself which in equity and good conscience he should not be permitted to keep, equity will raise a constructive trust and compel him to turn it over to the one equitably entitled to it, or to otherwise execute the trust as the court may direct. (*Black* v. *Gray,* 403 Ill. 503; *Doner* v. *Phoenix Joint Stock Land Bank,* 381 Ill. 106.) This rule is especially applicable where one occupying a fiduciary position toward another obtains title by virtue thereof to property constituting the subject matter of the relationship. Having agreed to obtain the

title for his principal, once the agent negotiates concerning the purchase, he acts as agent for that principal. Even though he acquires the title with his own funds, if he acquires it for himself he thereby breaches his obligations as an agent, and a constructive trust arises immediately based on his fraud. The fraud arises automatically due to the breach of the fiduciary relation, and may be either actual or constructive, depending on the agent's interest and purpose.

Defendant here relies on the case of *Stephenson* v. *Thompson,* 13 Ill. 186, saying the proof fits that case exactly and the same rule applies. The *Stephenson case* says that where the defendant purchased property in his own name and paid for it with his own money, he was not guilty of bad faith in taking title in himself but received it with the knowledge and consent of the plaintiff's debtor. The defendant and plaintiff's debtor were said to have agreed by parol to have a reconveyance, on defendant's being reimbursed his advances, and no constructive trust arose.

That case does not apply in the light of our factual situation. The agreement in the *Stephenson case* was not to act in behalf of the plaintiff's debtor in making the purchase, but merely to resell after he had purchased for himself. The undertaking by defendant here was to act on plaintiff's behalf in dealing with Littleton. The agency relation extended to Gray's negotiations and purchase from Littleton.

There being in fact an existing employment of Gray as agent for plaintiff in purchasing Littleton's interest in the property, upon Gray's purchase of that interest for his own exclusive possession a breach of the fiduciary obligation occurred. That breach automatically constituted defendant the trustee of the property for plaintiff's benefit. There thus being a constructive trust, the court of equity may compel the trustee, Jewel Gray, to convey the subject

matter of the trust to the *cestui,* John Black, or, in case of his failure to do so, to direct the master in chancery to make such conveyance.

The decree of the circuit court of Greene County thus being in accordance with the recognized principles of law, it is, accordingly, affirmed.

*Decree affirmed.*