EARL R. RAPP, JR., Plaintiff-Appellee, *v.* JAMES M. BOWERS *et al.,* Defendants-Appellants.

Second District (2nd Division)   No. 74-361

Opinion filed June 1, 1976.

Herbert, Owens & Kane, of Chicago, for appellants.

Barry B. Kreisler, of Hollobow & Taslitz, of Chicago, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff sued defendants, seeking conveyance to him of a one-half undivided interest in certain property to which defendants held title. After trial, the court entered an order imposing a constructive trust on the

property in favor of plaintiff, and directed that the premises be sold and the proceeds divided between the parties.

Defendants appeal this order contending that: (1) plaintiff failed to prove either fraud or a fiduciary relationship essential to establishing a constructive trust; (2) the existence of a constructive trust was not proven by clear and convincing evidence; (3) plaintiff's claim was barred by the statute of frauds; and (4) the trial court made erroneous and prejudicial rulings in the conduct of the trial.

At trial, plaintiff testified that he, his then-wife, Bertha (daughter of defendants), and defendants, discussed purchasing a particular piece of property located in a resort area. According to plaintiff, during this conversation Harriet Bowers stated that defendants could not afford to purchase the property at a cost of $18,200. Plaintiff offered to "go half and half" in the purchase, to which Mrs. Bowers allegedly agreed. Thereafter, plaintiff negotiated with the sellers but asked defendants to take title in their name exclusively. Plaintiff loaned defendants approximately $1800 for earnest money and defendants mortgaged their personal residence for the balance of the purchase price. The mortgage required monthly payments of $104. Plaintiff paid defendants $52 per month and one-half the cost of gas, electric, phone and real estate taxes between November, 1966 and March, 1970. Defendants repaid only $1325 of the $1800 plaintiff loaned them. The parties jointly occupied the premises during the summer and on weekends until March of 1970 when plaintiff and Bertha were separated. After the separation, plaintiff requested that title be transferred to reflect plaintiff's one-half ownership and defendants refused.

During the weekends and three summers prior to the couple's separation, plaintiff extensively remodeled the home at a cost to him of $11,851. With five other men, plaintiff added a second floor to the house, raising the roof and adding two rooms, a hall and a bathroom. They enclosed stairs, put thermopane windows in the new addition, paneled, affixed ceiling tile on the first floor, and installed a new furnace. Plaintiff paid material costs for electrical and duct work, and bought furnishings and appliances for the house (a gas stove, refrigerator, kitchen cabinets, sofa, bedroom set and three television sets). His testimony as to his expenses for remodeling was corroborated both by receipts introduced into evidence and by the testimony of two witnesses who stated that plaintiff paid them $7100 of the $11,851 total expenditure for labor and materials. Plaintiff and his brother testified that during the three-year period, their weekends were spent working on the home from "sun up to sun down" and that they did so without compensation.

Two witnesses for plaintiff testified hearing and participating in various conversations in which both defendants acknowledged plaintiff's interest

in the property. One witness stated that he was present when James Bowers told plaintiff that he (plaintiff) could do anything with the upper part of the building because it was his. Harriet Bowers allegedly told the same witness that plaintiff and the Bowers bought the property together. Another witness testified to hearing a conversation between plaintiff and James Bowers in which defendant told plaintiff, "this is as much your building as mine." One of defendants' witnesses testified to plaintiff having said he owned half of the property, "which," the witness said, "I knew myself."

Both defendants denied agreeing to plaintiff being a joint owner of the property. Bertha and another witness corroborated defendant's testimony that they repeatedly protested plaintiff's renovation and altering of the house. They admitted receiving $50 to $52 a month and payments for one-half the utility bills from plaintiff. The monthly payments were characterized as "contributions" for use of the house. Until plaintiff and Bertha separated, the relationship among the parties was close and they were, in the words of defendants' counsel, "one big happy family."

■■ Defendants contend that the trial court erred in imposing a constructive trust since neither fraud nor a fiduciary relationship, essential elements of a constructive trust, were established. Constructive trusts are divided into two classes: in one class, actual fraud is considered an equitable ground for raising the trust, and, in the other, the existence of a fiduciary relation and its subsequent abuse of the confidence reposed is sufficient to establish the trust. *(Bremer v. Bremer,* 411 Ill. 454, 457 (1952); *Carroll v. Caldwell,* 12 Ill. 2d 487, 493-94 (1957).) It is settled law that courts of equity will not set any bounds to the facts and circumstances out of which a fiduciary relationship may spring. *(Carroll v. Caldwell,* 12 Ill. 2d 487, 495 (1957).) The relationship may exist as a matter of law, or it may arise from a moral, social, domestic or personal basis. *(Kester v. Crilly,* 405 Ill. 425, 432 (1950); *Funderburg v. Shappert,* 23 Ill. 2d 220, 227 (1961); *Ziarko v. Ziarko,* 22 Ill. App. 3d 520, 528 (1974).) " [A] fiduciary relationship exists in every case where, in fact, trust and confidence are reposed by one person in another, who, as a result thereof, gains influence and superiority over the other." *(Bremer v. Bremer,* 411 Ill. 454, 465 (1952); *Carroll v. Caldwell,* 12 Ill. 2d 487, 495 (1957).) The fact that a relationship may evade a technical label is not fatal to a finding that it is fiducial or confidential in nature, as equity looks to the substance and not the form of the transaction. Fiducial relationships do not depend on nomenclature. *Carroll,* at 496.

■■ On review, the appellee is entitled to all favorable inferences to be drawn in support of the trial court's judgment. *(Leeper v. Gay,* 253 Ill. App. 176, 183 (1929); *Fugett v. Murray,* 311 Ill. App. 323, 330 (1941).) The following evidence, viewed most favorably to the plaintiff, establishes

that at the time of the creation of the trust the relationship between the parties was characterized as being close; that plaintiff was married to defendants' daughter; that plaintiff had loaned defendants the earnest money necessary for the purchase of the home ($500 of which was never repaid); and, according to plaintiff's testimony, that the parties had agreed to jointly purchase the property in question with title to be placed in defendants' names. From this evidence, the trial court could find that a fiduciary relationship existed.

Defendants maintain that the existence of the constructive trust was not proven by clear and convincing evidence. They denied an agreement to jointly own the property and stated that they told plaintiff they did not want him to continually renovate the home. Plaintiff, on the other hand, claims there was an oral agreement between the parties to jointly own the property and his claim is buttressed by the testimony of two nonparty witnesses who heard conversations wherein the defendants acknowledged plaintiff's claim to the property; by testimony of one of defendants' witnesses as to personal knowledge of plaintiff's claim; and by the facts that plaintiff paid one-half of the mortgage payments and utility bills and invested over $11,000 of his money and an incalculable number of hours of labor in renovating the premises. Plaintiff denied that the defendants protested his making improvements to the property.

■■ Whether this was sufficient, clear and convincing evidence to prove the elements of a constructive trust was a question of fact for the trial judge who heard the testimony of the parties and their witnesses (*Bremer v. Bremer*, 411 Ill. 454, 466 (1952)), for he is in a superior position to determine their credibility, having observed the witnesses' conduct. For these reasons, a court of review will not disturb a trial court's finding and substitute its own unless the holding is against the manifest weight of the evidence. (*Schulenburg v. Signatrol, Inc.*, 37 Ill. 2d 352, 356 (1967); *Reese v. Melahn*, 53 Ill. 2d 508, 512-13 (1973).) By this standard, we cannot find the trial court's holding to be against the manifest weight of the evidence and therefore sustain its judgment on this issue.

■■ Defendants contend that plaintiff's action is barred by the statute of frauds in that the parties' agreement was not reduced to writing. Because constructive trusts are expressly excluded from the operation of the statute of frauds (Ill. Rev. Stat. 1971, ch. 59, par. 9) we find this argument without merit. See *Reese v. Melahn*, 53 Ill. 2d 508, 514 (1973).

Defendants claim that the trial court made numerous erroneous and prejudicial rulings during trial. Our review of the record failed to disclose any rulings of such nature.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.