WILLIE MAE BOZEMAN *et al.*, Plaintiffs-Appellants, *v.* RICHMOND F. SHERIFF *et al.*, Defendants-Appellees.

First District (5th Division) No. 62810

Opinion filed September 10, 1976.

Harth, Vital, Stroger, Boarman & Williams, of Chicago, for appellants.

Arthur J. Bernstein, of Bernstein, Golan & Yalowitz, Ltd., of Chicago, for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiffs Willie Mae Bozeman and Jesse Bozeman filed a verified three-count amended complaint against defendants Richmond F. Sheriff and Josephine K. Sheriff, seeking to impose a trust in their favor on property to which defendants jointly held legal title and which plaintiffs occupied. Plaintiffs also sought to have legal title to the premises conveyed to them by defendants. The trial court dismissed the amended complaint, and plaintiffs have appealed. The only issue is whether the complaint states a cause of action.

Count I alleged that in May 1954 Alice Rayford Johnson (decedent) provided her brother, defendant Richmond F. Sheriff, with a sum of money to purchase the property in question which is located at 6137 South Racine Avenue in Chicago. It was the intent and purpose of all the parties that he would cause the property to be purchased for the use, benefit and title of decedent "as a favor" to her and with no intent to make a gift to defendants. Immediately subsequent to the purchase decedent and Willie Mae Bozeman moved into the premises and occupied it as a "family unit." Throughout the subsequent years decedent was responsible for and paid all expenses in connection with the operation of the premises including payments of utility bills, heat and mortgage. With the help of Willie Mae Bozeman she also caused necessary maintenance and janitorial work to be performed. Defendants never lived on the premises but merely "aided" decedent in the accommodation payment of the mortgage note. Neither defendant exercised any apparent possessory or beneficial claims during the life of decedent. The complaint further averred that on July 5, 1973, decedent in writing directed defendants to convey the property to plaintiffs. A copy of this purported authorization

was attached to the complaint, and it reads in pertinent part as follows:

> "You are hereby directed to transfer and convey the property at 6137 South Racine * * * [legal description omitted] * * * to Willie Mae Bozeman and Jesse Bozeman, her husband by Warranty Deed in Joint Tenancy."

The document indicated that it was notarized on July 5, 1973, and was signed "Alice Rayford." Plaintiffs asserted that defendants were in possession of the original document. Defendants did not directly challenge the validity of this document in the trial court. Count I requested that a "resulting" trust for the benefit of plaintiffs be imposed on the property.

This action was commenced in 1975. While the complaint did not indicate when decedent died, plaintiffs' brief states that her death occurred in 1974.

Count II alleged that there was a confidential and fiduciary relationship between defendant Richmond F. Sheriff and decedent because the former was her older brother, the spiritual leader of the family and more educated and experienced in wordly affairs and who often assumed and offered assistance regarding the real estate during a time of bereavement of decedent. Count II also averred that decedent was in a lesser financial position than defendant and, as a female, depended "upon the male sibling for leadership, advice and counsel." The complaint charged that Richmond F. Sheriff, contrary to the intention of the parties and the direction of the decedent, used his superior position and fraudulently caused the title to the property to be vested in his own name and that of his wife; that decedent and plaintiffs did not make any effort to determine the status of the title to the property until 1973 because of the fiduciary relationship; that upon learning of the status of the property the decedent demanded defendants convey title to plaintiffs, but defendants delayed and evaded decedent's charge and direction and still refused to transfer title. Count II requested that a "constructive" trust be imposed on the property for the benefit of plaintiffs.

Count III alleged that from May 18, 1954, until her death, decedent occupied the premises as apparent titular, beneficial and possessory owner and maintained continuous, exclusive, hostile and adverse possession against defendants and upon discovery of a deed in the name of defendants, directed defendants to cause a conveyance to plaintiffs who refused to comply with this direction. Count III urged the court to impose a "resulting" trust for the benefit of plaintiffs and to require defendants to convey title to them.

■■ Plaintiffs contend that Count I states a cause of action for a "resulting" trust. In *Suwalski v. Suwalski* (1968), 40 Ill. 2d 492, 495, 240 N.E.2d 677, the court set forth the applicable rule as follows:

"A resulting trust is created by law and arises from the presumed intention of the parties, distilled from their conduct; it comes into being at the instant the title vests or not at all. [Citation.] As we said in *West v. Scott*, 6 Ill. 2d 167, at 172, in describing a typical resulting trust situation: 'A court of equity raises the trust when land is bought with the money of one person and title is taken in the name of another. (*Kane v. Johnson*, 397 Ill. 112.) * * *' " See also *Hanley v. Hanley* (1958), 14 Ill. 2d 566, 571-2, 152 N.E.2d 879.

■■ Accepting the facts in the complaint as true for purposes of the motion to dismiss (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 305, 312 N.E.2d 259), the complaint clearly alleges that the land was purchased for decedent with her money, but legal title was taken in the name of defendants jointly. These circumstances, if proven, would show that defendants hold legal title but are required to convey the property to the person in whose favor the resulting trust has been established or, upon the failure of the person to do so, the court may direct such conveyance. (*Wright v. Wright* (1954), 2 Ill. 2d 246, 118 N.E.2d 280; *Black v. Gray* (1952), 411 Ill. 503, 507-08, 104 N.E.2d 212.) As the possessor of the beneficial interest, decedent had the power to assign her interest to plaintiffs and direct defendants to convey to plaintiff, as the complaint alleges that she did. See *Blair v. Linn* (1934), 274 Ill. App. 23, 29; *Blair v. Commissioner of Internal Revenue* (1937), 300 U.S. 5, 10, 81 L. Ed. 465, 57 S. Ct. 33.

■■ A constructive trust, which plaintiffs claim to have alleged in Count II, differs from a resulting trust. A resulting trust seeks to carry out the presumed intention of the parties at the time of the original transaction. A constructive trust "is imposed not because of the intention of the parties but because the person holding the title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property." (Restatement of Restitution §160, at 642 (1937).) In general where one acquires title to land from another by fraud, duress, undue influence or mistake, equity will raise a constructive trust on behalf of the person who was defrauded, coerced, unduly influenced or mistaken. (5 Scott, The Law of Trusts §404.2, at 3215 (3d ed. 1967); Restatement of Restitution §§160, 163-71 (1937).) The complaint here alleges actual fraud in that defendants concealed from decedent the fact that title was in their names (*Black; Shackleford v. Elliott* (1904), 209 Ill. 333, 70 N.E. 745) and also alleges that one defendant occupied a fiduciary relation to the decedent as her brother thus acquiring the property through violation of that trust. The general rule concerning fiduciary relationships is set forth in *Black* at pages 506-08 as follows:

"Where one occupies a fiduciary relation as agent for another,

and thereby gains something for himself which in equity and good conscience he should not be permitted to keep, equity will raise a constructive trust and compel him to turn it over to the one equitably entitled to it, or to otherwise execute the trust as the court may direct.* * *

\* \* \*

There thus being a constructive trust, the court of equity may compel the trustee * * * to convey the subject matter of the trust to the *cestui* * * * or, in case of his failure to do so, to direct the master in chancery to make such conveyance."

■■ This complaint states there was a fiduciary relationship between Richmond F. Sheriff and Alice Rayford Johnson, that the defendant Richmond Sheriff was the dominant party in that relationship, and that he obtained legal title to the premises by taking advantage of this confidential and fiduciary relationship. While no fiduciary relationship is presumed from the natural bond between siblings, in *Bremer v. Bremer* (1952), 411 Ill. 454, 104 N.E.2d 299, the court concluded, after closely analyzing that relationship, that the existence of a fiduciary relationship is dependent on all the facts and circumstances presented. The court found from the circumstances in that case that a fiduciary relationship existed and a constructive trust had arisen between two brothers even though one brother was a competent businessman and the other an experienced lawyer. See also *Herbolsheimer v. Herbolsheimer* (1975), 60 Ill. 2d 574, 328 N.E.2d 529.

Defendants argue that resulting and constructive trusts "are two different types of trusts created by operation of law." They conclude that the allegation of a resulting trust (Count I) and a constructive trust (Count II) in the same complaint is an inconsistency. One commentator has written that in order for a resulting trust to arise, the payor must have consented that the purchaser take legal title to the property. (Bogert, The Law of Trusts and Trustees §458 (2d ed. 1964); but see *Rapp v. Bowers* (1976), 38 Ill. App. 3d 668, 348 N.E.2d 529, where the payor specifically directed that title be taken in the name of the purchaser "exclusively" and a constructive trust based on fiduciary relationship was imposed with no discussion of a resulting trust.) If plaintiffs had pleaded the decedent's consent, there would be an inconsistency because Count II alleges defendants, as purchasers, took title in themselves without the decedent's knowledge. Plaintiffs alleged that defendants took title without decedent's consent, and Illinois cases have held that a "resulting" trust may arise under that circumstance. (See *Shackleford; Carrillo v. O'Hara* (1948), 400 Ill. 518, 81 N.E.2d 513; Bogert, §458, n. 48, at 578.) The

allegation of a resulting trust in Count I of the complaint is not fatally inconsistent with the allegation of a constructive trust in Count II of the complaint.

Furthermore, even if a resulting and a constructive trust are inconsistent and mutually exclusive thereby preventing plaintiffs from obtaining relief on both counts, it does not follow that both counts may not be pleaded together. Section 34 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 34) states in part that "Relief, whether based on one or more counts, may be asked in the alternative." Section 43(2) of the Act (Ill. Rev. Stat. 1975, ch. 110, par. 43(2)) provides:

> "When a party is in doubt as to which of two or more statements of fact is true, he may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts or defenses, whether legal or equitable. A bad alternative does not affect a good one."

The purpose and effect of these provisions were explained in *McCormick v. Kopmann* (1959), 23 Ill. App. 2d 189, 198, 161 N.E.2d 720:

> "Thus, the Civil Practice Act expressly permits a plaintiff to plead inconsistent counts in the alternative, where he is genuinely in doubt as to what the facts are and what the evidence will show. The legal sufficiency of each count presents a separate question. It is not ground for dismissal that allegations in one count contradict those in an alternative count."

Therefore, we find that Counts I and II state causes of action and were improperly dismissed.

■■ Count III of the complaint requests a finding that adverse possession created a resulting trust. We find no basis for this contention and, therefore, affirm the court's dismissal of Count III.

The judgment is reversed as to Counts I and II and affirmed as to Count III. The cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed in part; affirmed in part; and remanded.

LORENZ, P. J., and SULLIVAN, J., concur.