ELMER C. WESTGATE & another *vs.* CARL V. DOBERK & another. May 28, 1945. Decree affirmed. The plaintiffs by this bill in equity seek to enjoin the defendants from trespassing on their property; they also ask for damages for the destruction of a fence alleged to have been caused by the defendants. From a decree awarding damages to the plaintiffs and enjoining the defendants from trespassing on the plaintiffs' land, the defendants appealed. The evidence is reported and the judge made a report of the material facts found by him. The principles governing an appeal in these circumstances are well established. See *Ecklund* v. *Ecklund*, 288 Mass. 517; *New England Trust Co.* v. *Commissioner of Corporations & Taxation*, 315 Mass. 639, 643–644. The question determined was one of fact depending upon the credibility of witnesses and the weighing of evidence. We have examined the record with care and are of opinion that the findings of the judge cannot be said to be plainly wrong. They support the decree that was entered. Since the record reveals no error the decree is affirmed.

The case was submitted on briefs.

*A. Auger*, for the defendants.

*W. B. Perry, Jr.*, for the plaintiffs.

JOHN W. OMAN *vs.* RALPH W. VICKERY. May 28, 1945. Order dismissing report affirmed. The trial judge found for the plaintiff for $712.45 (with interest from the date of demand), the full amount claimed in a count upon an account annexed for labor and materials in building a house for the defendant. A written contract to build the house for a fixed price had been prepared, but it never was executed. The defendant contended that its terms were orally adopted by the parties. The judge found to the contrary. It is true that upon request he made a ruling — immaterial and improper upon his finding — that "the plaintiff cannot recover in quantum meruit unless he acted in good faith or substantially performed the contract." But the making of that ruling did not alter his definite and conclusive finding that "the unsigned agreement was not adopted as the oral contract between the parties." There was no prejudicial error. No error of law appears in denying the defendant's motion for "correction of the findings and rulings" or his motion for a new trial.

*F. H. Pardee*, for the defendant.

*J. W. Keith*, for the plaintiff.

JAMES J. CURRAN *vs.* MARY R. CARROLL & others. October 2, 1945. Decree affirmed. This is an appeal by the nephew and nieces, the heirs presumptive, of Joanna Curran, the aged and mentally incapacitated widow of Bartholomew J. Curran, from a decree appointing as conservator of her property the appellee James J. Curran, the son of Bartholomew J. Curran by an earlier marriage. Joanna Curran has no substantial property except her interest in personal property worth $5,000 comprising the estate of her late husband who died on August 21, 1944. His will gave Joanna Curran all his property for her life, with remainder to said James J. Curran. The time during which Joanna Curran or her conservator could waive the will has not expired. Both James J. Curran and the appellant whose appointment is desired by the appellants are found to be suitable for appointment. The judge found that James J. Curran has for Joanna Curran the affection of a son for a mother, and found by implication that he is not motivated by a desire to acquire property. Neither James J. Curran nor the appellants can be said to be free from personal interest. We cannot say that the judge was wrong in finding that the interest of Joanna Curran, which should be paramount (*Dolbeare* v. *Bowser*, 254 Mass. 57), would be best served by the appointment of James J. Curran.

*H. S. Davis*, for the respondents.

*J. M. J. Hurley*, (*C. S. Williams* with him,) for the petitioner.