(No. 32282.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES EVANS, Plaintiff in Error.

*Opinion filed September 17, 1952.*

REX CARR, of East St. Louis, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and RICHARD T. CARTER, State's Attorney, of Belleville, (WILLIAM C. WINES, of Chicago, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

By this writ of error we are asked to review an order of the circuit court of St. Clair County which dismissed a petition filed on September 18, 1950, by Charles Evans, plaintiff in error, wherein he sought relief under the Post-Conviction Hearing Act, (Ill. Rev. Stat. 1951, chap. 38, pars. 826-832,) asserting that he had been deprived of various constitutional rights in a proceeding before that court which resulted in his conviction of the crime of rape and a subsequent sentence to life imprisonment.

While we have no thought to pass upon the merits of the petition in this proceeding, some disclosure of its allegations would be beneficial to an understanding of the manner of its disposal in the trial court. In substance, plaintiff in error sets forth that he was convicted of the crime of burglary in 1927 and was sentenced to the penitentiary for a term of not less than one nor more than twenty years; that while serving such term at the Menard State Penitentiary he escaped on August 6, 1939, and fled to the State of Indiana where he found employment; that he returned to the State of Illinois on December 10, 1939, on which date he was apprehended as an escapee; and that he was subsequently returned to the control of the Menard Penitentiary on December 20, 1939. The petition continues that on the day following his return he was beaten with a club and blackjack wielded by certain prison employees as punishment for his escape; that he received injuries which required treatment by the prison doctor; that the warden of the prison is in possession of photographs which show the results of the beating, and that he was kept in solitary confinement. It is further alleged that on the same day,

December 21, 1939, while suffering from the effects of his beating, plaintiff in error was brought to the office of the assistant warden where prison officials and officers from St. Clair County accused him of having committed a rape in St. Clair County during the period of his escape; that when he denied the charge he was threatened with further physical violence and with a life sentence for the alleged rape unless he would appear in court and plead guilty; and, further, that the assistant State's Attorney of St. Clair County then promised him that if he would plead guilty he would not receive more than a five-year sentence which would be served concurrently with the burglary sentence he was then serving. Petitioner alleges that he refused the offer and reiterated his innocence of the charge, but a repetition of threats of bodily harm caused him to accede to the coercion and promise in the belief that no substantial harm could befall him inasmuch as he still had more than five years to serve on his burglary sentence. As a result he signed a statement which had already been prepared and was then returned to solitary confinement.

Continuing, the petition alleges that on December 22, 1939, the day following the events just related, he was taken from the penitentiary to the circuit court of St. Clair County at Belleville; that the process by which he was brought before the court, and treated as a defendant, was a writ of *habeas corpus ad testificandum*; that he was met at the door by the assistant State's Attorney and again threatened with bodily harm and a life sentence if he did not co-operate by entering a plea of guilty, and was again promised a five-year sentence in return for his co-operation. Plaintiff in error avers that he yielded to such coercion and promise and appeared before the court without counsel and without advice as to his rights and entered a plea of guilty, following which the court, without admonition or hearing, summarily sentenced him to the penitentiary for life. He further alleges that upon hearing the sentence imposed he

sought to make a statement to the court denying his guilt, telling of the threats which had induced his plea and of the prosecutor's promise, but the court refused to hear him, whereupon he was removed from the court and returned to the penitentiary where he still remains, having served in excess of twenty years. Because of the threats and coercion allegedly employed to secure his conviction and because of the hasty and summary nature of his trial, the petitioner alleges that he has been denied both substantive and procedural due process of law in various respects.

In response to plaintiff in error's petition, the People filed a motion to dismiss, asserting that the allegations of the petition did not show that plaintiff in error had been denied or deprived of any constitutional rights and that the petition was not adequate at law to afford relief. The People's motion was subsequently withdrawn and in lieu thereof an amended motion to dismiss was filed which alleged that the issues raised in the post-conviction petition had, on September 9, 1949, been previously adjudicated at a hearing on a petition for writ of *habeas corpus* which plaintiff in error had filed in the same court. At the subsequent hearing on the amended motion to dismiss, the People introduced into evidence a transcript of the record in the *habeas corpus* hearing, including a report of proceedings, and although plaintiff in error's counsel elicited from a witness and brought to the attention of the court that certain of the charges raised in the post-conviction petition were not present in the *habeas corpus* petition, the court entered an order dismissing the post-conviction petition on the ground that the matters alleged therein had been previously adjudicated in "another action." As a result, all inquiry into the merits of the post-conviction petition was foreclosed.

In *People* v. *Jennings,* 411 Ill. 21, which was decided subsequent to the hearing here involved, this court construed the decision of the United States Supreme Court in

*Jennings* v. *Illinois,* 342 U.S. 104, 96 L. ed. 105, 72 S. Ct. 123, as holding that an inquiry into a petition meeting the requirements of the Post-Conviction Hearing Act may not be foreclosed by a mechanical application of the doctrine of *res judicata.* The opinion of this court in the *Jennings case* further establishes that where the petition meets the requirements of the act, both as to substantial allegations and supporting affidavits, if any are required, it is sufficient to invoke the act and requires an answer from the People and a hearing on the merits.

In the present case, the People seek to evade this requirement of the *Jennings* decision by arguing that the amended motion to dismiss was in effect an answer; that plaintiff in error has had the substance of a hearing upon the issues of fact raised by his post-conviction petition by virtue of the hearing on his petition for writ of *habeas corpus* and that, those issues having been resolved against him, the order dismissing the post-conviction petition should be affirmed. To adopt such nebulous reasoning, as we view it, would be to allow an artificial application of *res judicata* to circumvent the ends sought by the Post-Conviction Hearing Act and the procedure anticipated by the act where a legally sufficient petition is filed. To repeat, such an automatic application of *res judicata* on a motion to dismiss has been condemned in the *Jennings case.*

In testing the legal sufficiency of a petition upon a motion to dismiss, it has been the rule that the factual allegations of the petition, liberally construed in favor of the petitioner, are taken as true. (*Sager* v. *City of Silvis,* 402 Ill. 262.) A complementary rule, well recognized by this court, is that pleadings of paupers shall receive a liberal construction. (*People* v. *Jennings,* 411 Ill. 21, p. 26.) Since the People's motion to dismiss in this cause admits the truth of the facts alleged in the petition, without further showing being made, it would appear, from the procedure outlined in the *Jennings case,* that the petition is sufficient

to invoke the act and entitles the plaintiff in error to an answer from the People and a hearing on the merits.

If it appears that plaintiff in error has not waived the claims he now asserts, in the hearing on the merits which follows, to further reiterate the principles set down in the *Jennings case*, the former adjudication of constitutional claims made by plaintiff in error may be considered by the trial court insofar as it is relevant to the claims made in the present petition. While we have the transcript of the previous proceeding before us, we refrain from any analysis of the extent of its relevancy in the interest of preventing a piecemeal review, for we believe it is apparent from the record made of the hearing on the People's motion to dismiss, that the post-conviction petition presents new and additional constitutional claims which were not adjudicated in the hearing on the petition for writ of *habeas corpus*.

The order of the circuit court of St. Clair County dismissing the petition for a post-conviction hearing is reversed and the cause remanded to that court with directions to proceed in the manner outlined in this opinion and with the decision rendered in *People* v. *Jennings*, 411 Ill. 21.

*Reversed and remanded, with directions.*