Homer Fitzgerald, Plaintiff-Appellant, v. James Van Buskirk and Sonja Van Buskirk, Defendants-Appellees.

Gen. No. 67–164.

Second Judicial District.

July 22, 1968.

Adamowski, Newey & Riley, of Chicago, for appellant.

Looze & Kinne, of McHenry, and Albert J. Horrell, of Chicago, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, Homer Fitzgerald, brought this suit against the defendants, James and Sonja Van Buskirk, to foreclose a mechanic's lien against certain property owned by them. The trial court granted the defendants' motion to dismiss the complaint on the grounds that it did not state a cause of action.

The plaintiff contends that his complaint was sufficient to state a cause of action under the Mechanics' Liens Act (Ill Rev Stats 1967, c 82, par 1, et seq.). The complaint alleged that on October 1, 1965, the plaintiff and the defendants entered into an oral contract under which the plaintiff was to act as general contractor and supervise the construction of five buildings, containing four apartments each, and it set forth the legal description of the premises on which the improvements were to be

constructed. It next alleged that the plaintiff commenced work under the contract and continued such work until the defendants notified him that they were repudiating the contract; that he was thereby dismissed without reason or justification; that the total value of the improvements was to have been $187,000, and the plaintiff's fee for such work was to have been $20,000, none of which he had been paid; that the construction completed at the time of the repudiation had a value of approximately $60,000; and that a contractor's lien had been filed in the Recorder's office (a copy of which was attached to the complaint), which asserted that the sum of $20,000 was due the plaintiff. The complaint asked for an accounting of the amounts due to the plaintiff, and a lien decreed for the amount found to be due, and for other relief.

The motion attacking the complaint asserted in general terms that there were not any, or sufficient, facts asserted in the complaint to state a cause of action, and that the allegations were mere conclusions and were contradictory.

The parties disagree as to the manner in which the complaint should be construed. The plaintiff contends for the liberal construction called for by the Civil Practice Act (Ill Rev Stats 1967, c 110, pars 33(3), 42(3)). The defendants assert that under the Mechanics' Liens Act, the complaint must be strictly construed.

Section 1 of the Civil Practice Act states that the provisions of the Act shall apply to all civil proceedings, except certain enumerated ones, or other proceedings in which the procedure is regulated by separate statutes. "In all those proceedings the separate statutes control to the extent to which they regulate procedure, but this Act applies as to matters of procedure not so regulated by separate statutes."

Section 33(3) of the Act provides that "(P)leadings shall be liberally construed with a view to doing sub-

stantial justice between the parties." Section 42(2) adds that "(N)o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." Section 4 of the Act states that the Act itself is to be liberally construed, "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." And, section 33(1) of the Act requires only that the pleading "shall contain a plain and concise statement of the pleader's cause of action. . . ."

■ ■ These sections of the Civil Practice Act are designed and intended to permit controversies to be determined according to substantial justice between the parties, and not according to the technicalities or niceties of pleading. Under the Act, the test of the sufficiency of the complaint is whether it informs the defendant of a valid claim under a general class of cases. Fanning v. LeMay, 78 Ill App2d 166, 171, 222 NE2d 815 (1966).

In Hall v. Gruesen, 22 Ill App2d 465, 161 NE2d 345 (1959), at pages 468 and 469, the court pertinently stated:

"The averments are not in that precise language at one time required, but under the Practice Act, pleadings are liberally construed with a view to doing substantial justice between the parties. (Ill Rev Stats 1957, c 110, Par 33.) This is not an idle generality to which only lip service need be paid. It is the pronouncement of a burial service for the formalities of Chitty and the rigors of common law pleading. . . . The essential test of a complaint is that it inform the defendant of a valid claim."

In Kita v. YMCA of Metropolitan Chicago, 47 Ill App2d 409, 198 NE2d 174, (1964), the court set forth at length an informative resumé of the development of pleading, with the conclusion that the Civil Practice Act requires

only that a complaint, by reasonably intelligent allegations, be sufficient to advise the opposing party of the case which the plaintiff will seek to prove against it; and that the court, in determining whether a complaint is adequate to meet this test, judge the complaint with admonitions of liberal construction and reasonable information in mind.

Unless the Mechanics' Liens Act provides to the contrary, the requirements of the complaint and the construction to be afforded it shall be governed by the provisions of section 1 of the Civil Practice Act. The Act does not contain any provisions suggesting that the sections of the Civil Practice Act referred to above should be inapplicable. Section 11 of the Mechanics' Liens Act sets forth the necessary averments which must be stated in a complaint in order to assert a valid claim under this class of cases. It does not provide that the complaint must be tested by any other standard than that required by the Civil Practice Act. Sections 9 and 12 of the Act suggest the contrary.

Section 9 permits a determination of the merits of the litigation with even less formality in pleadings than that required by the Civil Practice Act. It states, in part:

> "The plaintiff or petitioner, and all defendants to such complaint or petition may contest each other's right without any formal issue of record made up between them other than that shown upon the original complaint or petition, as well with respect to the amount due as to the right to the benefit of the lien claimed: . . . ."

Section 12 provides:

> "The court shall permit amendments to any part of the pleadings, and may issue process, make all orders, requiring parties to appear, and requiring notice to be given, that are or may be authorized

in other civil actions and shall have the same power and jurisdiction of the parties and subject matter, and the rules of practice and proceedings in such cases shall be the same as in other civil cases, except as is otherwise provided in this act."

■ The defendants have urged that the Mechanics' Liens Act should be strictly construed. Such construction properly has reference to compliance with the substantive provisions of the Act—those which specify the requirements upon which the right to a lien is based. The strict construction rule has no application to the pleadings in such proceeding. Charles A. Hohmeier Lumber Co. v. Knight, 350 Ill 248, 252, 253, 182 NE 715 (1932); Suddarth v. Rosen, 81 Ill App2d 136, 139, 224 NE2d 602 (1967).

In Suddarth, the court, in stating that mechanics' liens must be strictly construed, referred to the fact that the subcontractor had failed to give to the owner the sixty-day notice required by section 24 of the Act, and that the Act specifically provided only two exceptions to this requirement, neither of which was applicable to the case. The complaint explicitly alleged the failure to give the required notice.

In Hohmeier, the court referred to the then requirement of section 33 of the Act (since repealed) that suit be commenced by a subcontractor within four months after final payment due him. The court, at pages 252 and 253, stated that "with respect to the requirement upon which the right to a lien depends, such statutes are strictly construed. . . ." The defendants contended that the original complaint did not state a cause of action and that the amended complaint, filed after the four-month period, did not relate back and, thus, was not filed within the time required by the Act. The original complaint did not contain any direct allegation that the land in question had been registered under the Land Titles Act or that the defendant held the certifi-

437

cate of title to the land. The court observed that unless the title were so registered, the allegation that the notice by the plaintiff was filed with the registrar of titles would not clearly indicate that the plaintiff had a lien.

Interestingly, however, in Hohmeier, the court referred to section 11 of the Act, and the matters stated therein, as the items to be set forth in a complaint. The court, at page 253, stated that the complaint contained a brief statement of the subcontract on which it was founded, the dates when such contract was made and completed, the amount due and unpaid, a description of the premises, and other facts necessary to a complete understanding of the parties. The court, while not asserting that it was giving the complaint a liberal construction under the then state of pleadings, certainly did so in reciting that "(A)lthough certain allegations should have been amplified and made more specific, it does not appear that a single requirement of a bill or petition prescribed by section 11 of the Mechanics' Lien Act was wholly omitted." The court held that the original bill stated a cause of action albeit in a defective manner, and the suit was thus filed within the necessary time limitation.

■ We conclude that the complaint to foreclose a mechanic's lien must be examined, under the provisions of the Civil Practice Act, in light of the requirement that it be afforded a liberal construction. Whether or not a cause of action is properly stated depends on whether the prerequisites to a lien, as set forth in the Mechanics' Liens Act, are met and so pleaded as required by section 11 of the Act.

Section 11 states, in part:

> "The complaint or petition shall contain a brief statement of the contract or contracts on which it is founded, the date, when made, and when completed, if not completed, why, and it shall also set forth the amount due and unpaid, a description of

438

the premises which are subject to the lien, and such other facts as may be necessary to a full understanding of the rights of the parties."

As heretofore set forth, the complaint at bar contained a brief statement of the contract on which it was founded, the date thereof, the description of the property, the reason for the failure to complete the contract, the total value of the improvements under the contract, the amount to be paid to the plaintiff for his services, the amount of the work done at the time of repudiation, and the amount due to the plaintiff.

■ We believe that the plaintiff's complaint adequately advised the defendants of a valid claim against them for a mechanic's lien and that the requirements of section 11 with reference to the allegations to be contained in a complaint were met. A copy of the contractor's lien, as filed in the office of the Recorder of Deeds of McHenry County on June 23, 1966, was attached to the complaint as "Exhibit A." On motion to dismiss, the statements contained in "Exhibit A" with reference to defendants being the owners of the premises in question, the date and substance of the contract entered into between plaintiff and the defendants, the description of the work to be done by the plaintiff, the amount of work done at the time the defendants breached the contract, and the amount unpaid and owing the plaintiff, were required to be taken as true. Montgomery Ward & Co. v. United Retail, Wholesale & Department Store Employees of America, C. I. O., 330 Ill App 49, 65, 66, 70 NE2d 75 (1946), affirmed 400 Ill 38, 79 NE2d 46 (1948).

We cannot agree that the complaint was fatally defective in failing to set forth "such other facts as may be necessary to a full understanding of the rights of the parties." If the plaintiff is wrong in the assertion that $20,000 is due him, his lien is not defeated in that section 7 of the Act provides in pertinent part:

"No such lien shall be defeated to the proper amount thereof because of an error or overcharging on the part of any person claiming a lien therefor under this Act, unless it shall be shown that such error or overcharge is made with intent to defraud;
. . . ."

The plaintiff prayed for an accounting of the amount due him. Such prayer is not consistent with an intent to defraud.

The complaint alleged that the defendants, without justification, repudiated the contract; and it stated the proportionate amount of the work completed. Under section 4 of the Act, the plaintiff is entitled to enforce his lien for the value of the work performed and the court is required to adjust the claim and allow his lien accordingly.

There are numerous avenues of discovery available to the defendants. We cannot accept their contention that it would be impossible to meet the plaintiff's claim with reference to what services he had rendered under the contract. If the plaintiff were required, as the defendants suggest, to itemize and detail those services he claimed he rendered under his contract, the brief and simplified pleadings suggested by the Civil Practice Act and section 11 of the Mechanics' Liens Act would fade and vanish from the realm of reality.

We hold that the complaint was sufficient to advise the defendants of a valid claim against them under this particular class of cases, and that the trial court erred in dismissing the complaint. The cause, accordingly is reversed and remanded for further proceedings consistent herewith.

Reversed and remanded.

SEIDENFELD and MORAN, JJ., concur.