THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
NORTHBROOK SPORTS CLUB, Defendant-Appellee.

First District (3rd Division)    Nos. 76-791, 76-1025 cons.

Opinion filed September 28, 1977.

William J. Scott, Attorney General, of Springfield (Anne K. Markey, Assistant Attorney General, of counsel), for the People.

Foran, Wiss and Schultz, of Chicago (Thomas A. Foran, Ian H. Levin, and Robert Y. Sperling, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This action was brought to enjoin the defendant, Northbrook Sports Club, from violating section 24 of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1024), and creating a public nuisance. Upon the defendant's motion to dismiss, the trial court granted the motion on the ground that the complaint failed to state a cause of action and dismissed the suit with prejudice. The plaintiff filed motions to vacate the judgment and for leave to file an amended complaint. Both motions were denied. The plaintiff appeals both the order dismissing the original complaint and the order denying the motion to vacate the dismissal and the request for leave to file an amended complaint. The plaintiff contends that the complaint is legally sufficient to state a cause of action, and that

the trial court abused its discretion by denying the motion to vacate and the request for leave to file an amended complaint.

The defendant, Northbrook Sports Club, operates a facility for skeet and trap shooting at Lake Cook and Pfingston Roads in Deerfield, Illinois. The defendant has been at its present location for approximately 29 years. It is situated in an unincorporated area of Cook County and has been described as being bordered by the Illinois Tollway and primarily large industrial complexes, and as adjacent to a residential area. However, the residential area is apparently about a mile directly north of the Club's shooting area. The Environmental Protection Agency, responding to residents' complaints, determined that the shotgun noise generated by the Club violated Pollution Control Board Rules and Regulations. After attempts to negotiate an agreement with the Club failed, a suit was filed by the Attorney General's office.

The two-count complaint alleges both a statutory violation and a cause of action for public nuisance. Count I alleges in part that the defendant:

> "[H]as caused or allowed the emission of sound beyond the boundaries of its property.
>
> 5. Said sound emissions unreasonably interfere with the enjoyment of life and with lawful activities by endangering the physical and emotional health and well-being of others, interfering with legitimate recreational activities, depressing property values, offending the senses, creating a public nuisance, and reducing the quality of the environment in the State of Illinois.
>
> 6. Section 24 of the Act, Ill. Rev. Stat. Ch. 111-½, Par. 1024 (1973), provides: 'No person shall emit beyond the boundaries of his property any noise that unreasonably interferes with the enjoyment of life or with any lawful business or activity, so as to violate any regulation or standard adopted by the Board under this Act.' "

Concluding that "the aforesaid sound emissions constitute a violation of section 24 of the Act," the complaint prays for a cease and desist order and monetary penalties.

The defendant argues that count I was properly dismissed because it is totally and fatally vague and conclusory in nature. It is fundamental that "pleadings are construed strictly against the pleader," (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 493, 147 N.E.2d 69), and "conclusions of law should not be contained in a pleading" (2 Nichols, Illinois Civil Practice §777 (1961)). The defendant characterizes the statements in the complaint that the sound emissions "unreasonably interfere with the enjoyment of life," endanger the physical and emotional health and well-being of others," "interfere with legitimate recreational activities," "depress property values," "offend the senses," "create a public nuisance"

and "reduce the quality of environment in the State of Illinois" as mere conclusions. Citing Illinois Law and Practice for the proposition that "expressions used to characterize acts or conduct, without support by a statement of facts, are mere conclusions of law or expressions of opinion" (30 Ill. L. & Prac. *Pleading* §7 (1957)), the defendant concludes that since Count I does not supply any factual basis to support its allegations, it "fatally fails to inform the defendant of the facts which give rise to plaintiff's claim."

The defendant also argues that the deficiency of count I, based on section 24 of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1024), is confirmed by the fact that the legislature itself has recognized the conclusory nature of the statutory language ("noise that unreasonably interferes with the enjoyment of life * * *") by requiring that it be supplemented and implemented by specific regulations. Count II, identical to count I except that it alleges that "the aforesaid sound emissions constitute a public nuisance at common law" instead of the statutory violation, is similarly argued to be fatally vague and conclusory in nature.

However, in ruling on the motion to dismiss, the trial court must have accepted as true the following facts: That the defendant operates skeet and trap shooting stations; that on every day of operations since August 10, 1973, it has allowed the emission of sound beyond its property boundaries; and that these emissions interfere with the enjoyment of life and lawful activites by endangering the physical and emotional health and well-being of others, interfering with legitimate recreational activities, and offending the senses. The complaint also sets forth section 24 of the Environmental Protection Act and Rules 101(g) and 102 of the Pollution Control Board's Noise Regulations.

■■■ The Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 1-94) establishes the boundaries within which a court operates in determining the sufficiency of pleadings. Section 33(1) (Ill. Rev. Stat. 1975, ch. 110, par. 33(1)) states that "[a]ll pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply. The common counts shall not be used." Section 33(3) (Ill. Rev. Stat. 1975, ch. 110, par. 33(3)) provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." Section 42(2) states that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." (Ill. Rev. Stat. 1975, ch. 110, par. 42(2).) These sections are designed and intended to permit controversies to be determined according to substantial justice between the parties and not according to the technicalities or niceties of pleading. (*Fitzgerald v. Van Buskirk* (1968), 96 Ill. App. 2d 432, 239

N.E.2d 330.) In determining whether the complaint failed to allege facts sufficient to state a cause of action, "all facts properly pleaded as well as all reasonable inferences that can be drawn from these facts must be accepted as true. [Citations.]" (*Stribling v. Chicago Housing Authority* (1975), 34 Ill. App. 3d 551, 554, 340 N.E.2d 47.) As the court stated in *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947, 338 N.E.2d 912:

> "On a motion to dismiss a complaint for insufficiency, every intendment and fair inference is in favor of the pleading, and if under any aspect of the facts stated the plaintiff could recover, the motion should be denied. *Nichols,* §1413; *Johnston v. Girvin,* 61 Ill. App. 2d 47, 54; *Johnson v. North American Life & Casualty Co.,* 100 Ill. App. 2d 212, 217; *Boyd v. Racine Currency Exchange, Inc.,* 8 Ill. App. 3d 140, 146."

While it is true that the courts here refer to "facts" and not "conclusions", the line between "ultimate facts" and "conclusions of law" is not easily drawn. The court in *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376, 282 N.E.2d 723, in discussing the problem, concluded:

> "The same allegation may in one context be deemed to be one of ultimate fact, while in another, '* * *' where from a pragmatic viewpoint some of these words do not give sufficient information to an opponent of the character of evidence to be introduced or of the issues to be tried, they are held to be legal conclusions. What is law, what are facts, and what is evidence, for pleading purposes, can be determined only by a careful consideration of the practical task of administering a particular litigation.' McCaskill, Illinois Civil Practice Act Anno., p. 70 (1933)."

■■ By dismissing the complaint with prejudice, the court here in effect declared that even construing all facts well-pleaded as true, they did not constitute a cause of action for which there would be a remedy. We disagree. While the complaint did allege the conclusion of the "unreasonableness" of the interference with the life and lawful activities of the residents of the area, it also alleged the supporting facts that the Gun Club has allowed the emission of sound beyond its boundaries for a certain period of time, that the sounds interfere with legitimate recreational activities, offend the senses, endanger the emotional and physical health of residents and depress property values. Whether such disturbances should in fact be characterized as unreasonable and a violation of the statute or a common law nuisance would remain to be determined by the evidence presented at trial. But since "allegations of legal conclusions and allegations of evidence constitute merely formal defects and not defects of substance" (*Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947, 338 N.E.2d 912), a conclusory

allegation does not impair the informational function or sufficiency of the pleading. Consequently, we find that the complaint alleged facts sufficient to state a cause of action and was improperly dismissed. In light of our decision, we find it unnecessary to consider the propriety of the court's refusal to grant the plaintiff's motion to vacate the dismissal and for leave to file an amended complaint.

The judgment of the circuit court of Cook County dismissing the plaintiff's complaint is reversed and the cause remanded for trial.

Reversed and remanded.

SIMON, P. J., and McNAMARA, J., concur.