DANIEL F. McCARTHY, Plaintiff-Appellant, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 78-249

Opinion filed September 18, 1979.

Allen H. Meyer, of Chicago, for appellant.

Duane C. Quaini and Jeffrey Lennard, both of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Daniel F. McCarthy, appeals from an order entered by the circuit court of Cook County granting defendant Allstate Insurance Company's amended motion to strike and dismiss plaintiff's second amended complaint. The sole issue presented for review is whether the trial court erred in dismissing plaintiff's second amended complaint.[1]

For the reasons hereinafter set forth, we reverse and remand the cause for proceedings not inconsistent with this opinion.

Plaintiff filed an action in circuit court arising out of alleged nonpayment of rent by defendant to plaintiff. Plaintiff's second amended complaint sets forth two counts, one requesting reformation of the written lease between the parties, and the other requesting specific performance of the reformed lease. The following is a summary of the allegations in plaintiff's complaint:

Plaintiff was the owner and lessor of an office building in Skokie, Illinois. Defendant was the lessee of a portion of that building. Defendant's tenancy arose pursuant to a written lease which provided for a five-year term (commencing on October 1, 1972, and terminating on September 30, 1977) for the rental of 2,150 square feet at rental payments of $1,075 per month.

On December 27, 1973, and again on February 21, 1974, defendant through Mr. Barker, an employee of defendant with whom plaintiff had previously dealt concerning rental matters, requested additional space in the office building. This additional space was needed in the autumn of 1974. On April 19, 1974, Mr. Shimanek, property manager for defendant,

---

[1] The order of dismissal did not state the grounds relied upon by the trial court.

verbally confirmed this request. In order to provide the additional space requested by defendant, plaintiff notified two other tenants, Honeywell and Streater, that their leases would not be renewed upon expiration.[2]

In September 1974 either Mr. Barker or Mr. Shimanek informed plaintiff that defendant wished to move their offices to another location rather than expanding its space in plaintiff's building. From September 16, 1974, until November 10, 1974, at the request of defendant, plaintiff negotiated various "substitutions of rental space." Pursuant to these negotiations, Blue Cross moved into defendant's 2,150 square feet and defendant agreed to become obligated to pay rent on the 1,697 square feet vacated by Blue Cross until plaintiff could rent the space. Moreover, defendant also agreed to become liable for a portion of the Honeywell space that remained unoccupied. On January 10, 1975, plaintiff advised defendant, in writing, that defendant's rental payments, pursuant to the "substitutions of rental space," were $1,062.46 per month.[3] On January 14, 1975, Mr. Shimanek met with plaintiff and verbally agreed to the above terms.

Defendant then paid to plaintiff the following sums: February 1975, $1,075; March 1975, $2,710.13; April 1975, $2,710.13; May 1975, $2,710.13. On May 7, 1975, plaintiff, by letter, advised defendant that the above payments of $9,205.39 were $3,444.11 in excess of the total then due. Plaintiff advised defendant to discontinue payments for three months in order to balance the account. Thereafter defendant failed to make any payments to plaintiff. On November 17, 1975, plaintiff forwarded a letter and statement of account to defendant requesting an amount then allegedly due of $4,602.10. On November 24, 1975, defendant wrote to plaintiff stating that it disagreed with the amounts claimed and indicated that it wished to cancel the lease agreement with no further obligations by either party. On December 3, 1975, plaintiff, by letter, indicated to defendant that he was unwilling to cancel the lease agreement and requested payment.

On June 15, 1976, plaintiff filed a complaint against defendant in the circuit court of Cook County, Municipal Department. On August 4, 1976, defendant filed a motion to strike and dismiss alleging, *inter alia*, that the complaint did not contain a plain and concise statement of plaintiff's purported cause of action as is required by section 33(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 33(1)) and that the complaint on its face was barred by the Statute of Frauds (Ill. Rev. Stat. 1975, ch. 59, par. 1). This motion was never heard. On November 1, 1976,

---

[2] Streater's lease expired on March 30, 1974. Honeywell's lease expired on September 15, 1974.

[3] Defendant's monthly rental was calculated as follows: 1,697 square feet of the space vacated by Blue Cross plus 292 square feet of the former Honeywell space at $6.41 per square foot, totaling $1,062.46 per month.

pursuant to plaintiff's motion, the cause was transferred to the chancery division and plaintiff therein filed an amended complaint. On November 29, 1976, defendant filed a motion to strike and dismiss, alleging that the amended complaint did not contain a plain and concise statement of plaintiff's purported cause of action as required by section 33(1) of the Civil Practice Act; that the complaint contained irrelevant and immaterial subject matter in violation of section 45(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45(1)); and that the claim was unenforceable under the Statute of Frauds. On February 1, 1977, defendant was granted leave to amend its motion to strike and dismiss. On March 3, 1977, defendant filed a memorandum in support of its motion to strike and dismiss but did not amend the motion itself. On June 8, 1977, plaintiff was granted leave to amend, and on September 6, 1977, the second amended complaint was filed. On October 4, 1977, defendant's motion to strike and dismiss was denied and defendant was given 28 days to file an amended motion. On November 3, 1977, defendant filed an amended motion to strike and dismiss alleging that plaintiff's second amended complaint failed to contain a clear and concise statement of the alleged cause of action as required by section 33(1) of the Civil Practice Act, contained immaterial and irrelevant subject matter in violation of section 45(1) of the Civil Practice Act and contained improper and inconsistent allegations. Defendant further alleged that:

> "The complaint on its face evinces that it is unenforceable under the provisions of the Statute of Frauds, Ill. Rev. Stat., ch. 59, for Paragraph 26 admits that unidentified 'verbal acts' were in violation of the Statute of Frauds. However, defendant cannot fully determine the insufficiency of the complaint in terms of the Statute of Frauds, or other issues of law because the complaint cannot be understood in this regard in its present form."

On November 15, 1977, defendant's amended motion to strike and dismiss plaintiff's second amended complaint was granted. Dismissal was with prejudice and without leave to amend.

■■ The Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 1-94) establishes the boundaries within which a court operates in determining the sufficiency of pleadings. Section 33(1) states that "[a]ll pleadings shall contain a plain and concise statement of the pleader's cause of action. * * *" Section 33(3) provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." Section 42(2) states that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." These sections are designed and intended to permit controversies to be determined according to substantial justice between the parties and not according to

the technicalities or niceties of pleading. *People v. Northbrook Sports Club* (1977), 53 Ill. App. 3d 331, 368 N.E.2d 663, citing *Fitzgerald v. Van Buskirk* (1968), 96 Ill. App. 2d 432, 239 N.E.2d 330.

■■■ The crux of defendant's argument both below and on appeal is that the complaint is "so confusing that parts of it are unintelligible" and "that it would be impossible for Allstate to respond to it properly." Plaintiff maintains that the pleading is not incomprehensible but merely involves a highly complex series of transactions which defendant is capable of understanding but feigns ignorance of the detail. We are not persuaded by defendant's argument. The factual allegations contained in plaintiff's second amended complaint are adequate to inform defendant of the nature of the claim it is called upon to meet. Although the complaint could have been modified in both length and clarity without loss of the essential ingredients, we conclude that the nature of the complaint was in fact comprehensible and deserving of response. *City of West Chicago v. Clark* (1978), 58 Ill. App. 3d 847, 374 N.E.2d 1277, upon which defendant relies, is distinguishable. In *Clark* the trial court dismissed the pleading because, *inter alia*, it did not contain a plain and concise statement of the pleader's cause of action. The pleading contained more than 400 pages consisting of a 53-paragraph complaint with some 30 exhibits appended thereto. The appellate court found that the complaint was replete with argumentative and conclusory language, was excessively verbose and should obviously have been stricken because of the futility of attempting to answer it. The court also held that the complaint had no basis in law. In the case at bar the complaint contains 19 pages consisting of a 28-paragraph complaint with six exhibits appended thereto. Defendant did not allege below nor does defendant argue on appeal that plaintiff failed to allege facts sufficient to state a cause of action. Moreover, it would appear that although the evidentiary facts pleaded by plaintiff were not necessary to the pleading, they did not detract from plaintiff's cause of action. Although far from being a model pleading and containing surplus allegations which could have been stricken on a proper motion, we believe that the complaint was comprehensible. If the necessary facts appear in the complaint but are encumbered with unnecessary matter or are insufficiently stated, the motion should ask for a correction of the pleading by striking out specified immaterial matter and making the pleading more definite and certain in specified particulars. See *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 338 N.E.2d 912.

Dismissal of a cause of action is a drastic punishment to be imposed upon a litigant. (*Johnson v. Chicago & Western Indiana R.R. Co.* (1973), 11 Ill. App. 3d 817, 298 N.E.2d 3.) "Substantial justice" would not be served in the instant case by dismissing a complaint which reasonably informed defendant of the equitable claims asserted by plaintiff.

Therefore we conclude that defendant's amended motion to strike and dismiss was improvidently granted.

We do not reach the issue of whether this action is barred by the Statute of Frauds since this issue was not considered by the trial court. Defendant in its amended motion to strike and dismiss argues only that there may be a Statute of Frauds issue but that defendant "cannot fully determine the insufficiency of the complaint in terms of the Statute of Frauds, or other issues of law, because the complaint cannot be understood in this regard in its present form." As a consequence, we express no opinion as to viability of this issue.

Based upon the foregoing, we reverse and remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.