MARGARET CONWAY, Plaintiff-Appellant, *v.* DEWEY CONNERS *et al.*,
Defendants-Appellees.

First District (4th Division)    No. 80-2503

Opinion filed October 15, 1981.

Nicholas T. Kitsos, of Chicago, for appellant.

Sloan and Connelly, P. C., of Chicago (Mark A. Moynihan, of counsel), for appellee Edward Clem.

Much, Shelist, Freed, Denenberg, Ament & Eiger, P. C., of Chicago (Michael J. Freed and Anthony C. Valiulis, of counsel), for appellees William N. Sheehan and Anar Chemical Company, Inc.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The plaintiff filed suit in equity against the defendants seeking *inter alia* to recover certain stock in which she had an interest and which defendants had allegedly converted. The trial court dismissed the complaint against three of the defendants with prejudice. We reverse holding that the complaint stated a cause of action in equity and the fact that the complaint is neither plain nor concise is not sufficient grounds for dismissal.

The plaintiff, Margaret Conway, filed suit December 15, 1978, in chancery against Dewey Conners,[1] Edward Clem, Kenneth Connor, William N. Sheehan, Anar Chemical Company, Inc. (Anar), and unknown defendants. Subsequently, three amended complaints were filed. The third amended complaint consisting of 12 pages was in two counts, one count against all the parties in equity and one count against all the parties in law. Oversimplified and reduced to its bare essentials, the complaint alleged that Conners, who at the time was plaintiff's boyfriend, obtained money from her and they formed a partnership. Besides money, plaintiff contributed furniture, equipment and labor to the partnership. It was agreed that they would be equal partners. Conners used plaintiff's money to purchase all of the stock of Anar Corporation for the partnership. Conners and Clem induced plaintiff to borrow $48,000 which was used to purchase a soap inventory for Anar. Subsequently, sometime in 1976, Clem and Conners informed plaintiff that she had no interest in Anar or in Conway and Conners and that the latter had been dissolved. In 1978, she discovered that the stock certificate of Anar in the names of Conway and Conners had been converted by Clem and Conners to their own use and cancelled by them on the books of Anar; that Clem and Conners had distributed the stock previously owned by Conway and Conners among themselves to the exclusion of plaintiff by the use of blank stock certificates. Sometime prior to the time Clem and Conners informed plaintiff she had no interest either in the corporation or the partnership, Sheehan became associated with Anar's business. At this time, plaintiff made known to Sheehan her interest as part owner of Anar and her position as an officer of the company. Sheehan purchased from Clem and Conners the stock of Anar and assumed management, operation and exclusive control knowing at all times that the purchased stock had been wrongfully taken from plaintiff and plaintiff was the rightful owner of the stock. The defendants, while in exclusive control of Anar, extracted sums of money under the pretense of salaries and expenses and appropriated all

---

[1] It appears from certain motions filed by that defendant that his name is in fact spelled "Conner." To avoid confusion, however, we will identify him as Conners.

of the monies earned by the businesses to their own use and to the exclusion of plaintiff. The plaintiff prayed for the following relief *inter alia*:

1. that defendants be enjoined from transferring, assigning or in any way changing the stock ownership of defendants in the corporation or from altering the books and records thereof;

2. that an accounting be conducted;

3. that plaintiff be deemed a 50 percent owner of Anar's stock, that the stock issued to defendants in excess of 50 percent be rescinded and defendant be ordered to issue plaintiff the said 50 percent;

4. that a resulting and constructive trust to the use and benefit of plaintiff be imposed upon the monies, properties and shares of Anar determined to have been wrongfully appropriated;

5. that defendants be removed as officers and directors of Anar and a new stockholder meeting be conducted in which plaintiff would be allowed to participate and vote her 50 percent interest in the selection and election of directors and officers;

6. that the suit constitute a stockholder's derivative action on behalf of Anar and that defendants account for and pay over to Anar the monies wrongfully wasted, mismanaged and appropriated by defendant;

7. that punitive damages be awarded to plaintiff.

Anar and Sheehan moved to dismiss the complaint, contending:

1. the complaint failed to contain any factual allegations of wrongdoing directed against Anar;

2. with respect to Sheehan the complaint did not allege that Sheehan had knowledge of the existence of the purported stock certificate issued to Conway and Conners;

3. the claim was barred by the statute of limitations and laches;

4. the complaint did not contain a plain and concise statement of her cause of action; the allegations were vague, confusing, replete with evidentiary material and could not be answered in their present form;

5. the complaint failed to state a cause of action in equity; in essence plaintiff sought money damages for breach of contract and fraud and her claim, if any, properly belonged in the law division.

Clem also moved to dismiss, contending:

1. the complaint was not verified as required by section 35 of the Civil Practice Act because plaintiff's original complaint had been verified;

2. Paragraph 17 referred to a written argument which was neither attached to the complaint nor recited therein as required by the Civil Practice Act;

3. the complaint was indefinite and uncertain in that the date or dates of the alleged acts of wrongdoing were not adequately specified;

4. the allegations constituted a cause of action at law for which plaintiff had ample remedy at law;

5. the claim was barred by the five-year statute of limitations;

6. the claim was barred by laches;

7. the complaint contained allegations that Clem made misrepresentations directly to plaintiff concerning the conduct of Anar's business; however, the original verified complaint alleged that Conners exclusively handled all the financial affairs for plaintiff in connection with the conduct of the business of Conway and Conners and Anar;

8. plaintiff's cause of action had been satisfied in that plaintiff admitted in her complaint that all monies lent to the defendants by her had been repaid.[2]

In addition Conners filed a motion to dismiss on the basis of the statute of limitations or laches for failure to verify the complaint or in the alternative for a bill of particulars setting forth more specifically the dates and times at which the alleged behavior took place.

The trial court denied Conners' motion and ordered him to answer the complaint which he has subsequently done. It granted the motion of Anar, Sheehan and Clem and dismissed the complaint as to them with prejudice, giving no reason for its holding. It also found there was no reason to delay enforcement of the order or appeal.

I

■■ It is not necessary to determine the correctness of Anar's contention that plaintiff's complaint failed to contain any factual allegations of wrongdoing directed against it. Plaintiff's complaint alleged in part a stockholder's derivative action. Accordingly, Anar was a necessary party. *Bingham v. Ditzler* (1941), 309 Ill. App. 581, 33 N.E.2d 939, *appeal denied.*

■■ A suit which seeks the removal of defendants as officers and directors, as this one does, is a stockholder's suit properly brought in equity. (*Firebaugh v. McGovern* (1949), 404 Ill. 143, 88 N.E.2d 473, opinion conformed to by *Firebaugh v. McGovern* (1950), 340 Ill. App. 414, 92 N.E.2d 671.) Plaintiff's allegation that the defendants have appropriated all of the monies earned by the businesses to their own use is also sufficient grounds for a stockholder's suit. (*Bixler v. Summerfield* (1902), 195 Ill. 147, 62 N.E. 849; *Bowman Shoe Co. v. Bowman* (1959), 21 Ill. App.

---

[2] In fact plaintiff only alleges that the $48,000 borrowed from the bank was repaid. While she alleges she was paid $1,000 as a partial reimbursement she alleged in the complaint specific contribution to the partnership of $5,500 plus other unspecified amounts as well as her labor and property.

2d 423, 158 N.E.2d 112; *Loftis v. Loftis* (1922), 225 Ill. App. 478.) Anar and Sheehan for the first time on appeal contend that the plaintiff merely alleged that defendants extracted money and property from Anar but did not allege any facts in the complaint to support this conclusion. Since this contention was not raised below it was waived. (Ill. Rev. Stat. 1979, ch. 110, par. 42(3).) Furthermore, while it is true that a complaint alleging only conclusions of law is insufficient, only ultimate facts not evidentiary facts need be alleged. *Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, 264 N.E.2d 18, *cert. denied* (1971), 403 U.S. 904, 29 L. Ed. 2d 679, 91 S. Ct. 2203.

■■ Anar and Sheehan further contend that the complaint is defective because plaintiff did not allege that the shareholder made a demand upon the corporation to enforce the corporate right. Such demand is not required where, as here, the directors or officers sought to be sued are in control of the corporation. (*Robb v. Eastgate Hotel, Inc.* (1952), 347 Ill. App. 261, 106 N.E.2d 848.) It is true, as defendants contend, that ordinarily a shareholder cannot maintain the action where he was not a shareholder at the time of the commission of the act, but it is also true that he may where the acts complained of or their effects continue and injuriously affect him. (*Duncan v. National Tea Co.* (1957), 14 Ill. App. 2d 280, 144 N.E.2d 771; *Goldberg v. Ball* (1940), 305 Ill. App. 273, 27 N.E.2d 575, *appeal denied*.) If the court should award the plaintiff 50 percent of the stock, then defendants' acts of diverting the corporation's assets would affect her. Furthermore, under the plaintiff's pleading, she had an equitable right to 50 percent of the stock at the time the funds were diverted.

## II

■■ Anar and Sheehan also contended in their motion that the complaint did not contain a plain and concise statement of her cause of action. We agree, but this in itself is not sufficient grounds for dismissal of the complaint. (*McCarthy v. Allstate Insurance Co.* (1979), 76 Ill. App. 3d 320, 395 N.E.2d 139; *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770; *In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 326 N.E.2d 464.) As the court in *Lipchik* stated:

> "After examining the pleadings in issue we agree with defendant that the amended complaint is neither plain nor concise. The allegations include a narrative of decedent's family history, purported conversations between decedent and a niece, and information concerning the health of the niece's husband. Within the excess verbiage and irrelevant matter, however, the essential elements of a cause of action to set aside a will are stated. Under these circumstances the amended complaint cannot be considered bad

in substance, and we believe that the trial court erred in dismissing the action.

Under the provisions of section 33 of the Civil Practice Act a pleading should be straight forward and concise. However the mere fact that a complaint is verbose or unduly repetitious will not operate to destroy the sufficiency. (30 I.L.P. *Pleading* §14 (1957).) In Illinois, a cause of action may be dismissed on the pleadings only if it appears that the complaint contains no set of facts which, if proved, would entitle plaintiff to the relief sought. (*Herman v. Prudence Mutual Casualty Co.* (1968), 92 Ill. App. 2d 222, 235 N.E.2d 346; *Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill. App. 2d 206, 230 N.E.2d 702.) So long as the complaint contains enough information to reasonably inform the opposite party of the nature of the claim, it should be not deemed bad in substance. (*Herman v. Prudence Mutual Casualty Co.*) In this case there is no question but that the averments of the complaint were sufficient to inform defendant of the nature of plaintiffs' claim. Moreover, amidst the superfluous allegations and excess verbiage, plaintiffs have alleged facts which, if proven, would entitle them to the relief sought.

* * * If a litigant insists on obscuring his claim with irrelevant and inappropriate allegations, the trial court may simply disregard the improper allegations as surplusage." 27 Ill. App. 3d 331, 334, 326 N.E.2d 466, 467.

■■ When the complaint is liberally construed as required (Ill. Rev. Stat. 1979, ch. 110, par. 33(3); *People v. Evans* (1952), 412 Ill. 616, 107 N.E.2d 839; *Fort v. Smith* (1980), 85 Ill. App. 3d 479, 407 N.E.2d 117; *Haas v. Westlake Community Hospital* (1980), 82 Ill. App. 3d 347, 402 N.E.2d 883; *Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 392 N.E.2d 154; *Brooks v. Village of Wilmette* (1979), 72 Ill. App. 3d 753, 391 N.E.2d 133), it is clear that the complaint does state a cause of action against Sheehan.[3] Plaintiff alleged that she and Conners were partners, that the partnership acquired all of the stock in Anar, and that Clem and Conners distributed the partnership stock between themselves. As a partner, Conners, as a matter of law, occupied a fiduciary relationship with plaintiff. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69; *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817; *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20.) "The rule in this State is

---

[3] Clem has at no time claimed that the complaint failed to state a cause of action, and it is clear that the complaint does state a cause of action against Clem since plaintiff *inter alia* alleges that Conners and Clem distributed stock belonging to the partnership between themselves and thereafter sold the stock to Sheehan; furthermore, plaintiff alleges that defendants appropriated all of the monies of the businesses to the exclusion of plaintiff.

established by an unbroken line of decisions that anyone occupying a fiduciary relation, such as an agent, trustee, partner, guardian, conservator, attorney, executor or administrator, cannot deal on his own account with any thing or the persons falling within that trust relationship. * * * If anyone occupying such a relation deals with the subject matter of the relationship and thereby gains an advantage to himself he will be deemed guilty of fraud, either actual or constructive, depending upon his intent and purpose. If he obtains title to property by virtue of his relation, equity converts him into a trustee of the legal title." (*Doner*, 381 Ill. 106, 113-14, 45 N.E.2d 20, 24.) Furthermore an unauthorized conveyance of one's property to another has been held to give rise to an implied trust. (*Mauricau v. Haugen* (1944), 387 Ill. 186, 56 N.E.2d 367; *Bozeman v. Sheriff* (1976), 42 Ill. App. 3d 228, 355 N.E.2d 624.) Accordingly, if we accept plaintiff's allegations as true, as we must on a motion to dismiss, Conners became a constructive trustee of the stock and of other assets of the partnership and corporation which rightfully belonged to plaintiff for plaintiff's benefit. And this relationship extended to Sheehan since he purchased the stock with knowledge of plaintiff's interest therein. As to Sheehan, proof he was an innocent purchaser for value is indispensable to defeat the trust. (*Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20.) Plaintiff's allegation that Sheehan knew at all times that plaintiff was the rightful owner of the stock and that he negotiated the purchase with full knowledge of plaintiff's claim of ownership and interest was an allegation of ultimate fact and not a conclusion as argued by Sheehan on appeal. *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20.

Sheehan's contention below that the complaint was faulty because it did not allege that Sheehan knew of the purported stock certificate issued to Conway and Conners is without merit. It is not material whether Sheehan knew of the partnership certificate. What is material is whether Sheehan knew plaintiff had a right to the stock. This plaintiff did allege and this Sheehan by moving to dismiss has admitted to be true. *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20.

### III

■■ The contention of Anar and Sheehan that the complaint fails to state a cause of action in equity but belongs in the law division is also without merit. As this court has already ruled, we believe the complaint is sufficient both to state a cause of action for a stockholder's suit and for a constructive trust. Both of these are equitable remedies. (*Firebaugh v. McGovern* (1949), 404 Ill. 143, 88 N.E.2d 473, opinion conformed to by *Firebaugh v. McGovern* (1950), 340 Ill. App. 414, 92 N.E.2d 671; *Bixler v. Summerfield* (1902), 195 Ill. 147, 62 N.E.2d 112; *Anderson v. Lybeck*

(1958), 15 Ill. 2d 227, 154 N.E.2d 259; 13 Ill. L. & Prac. *Corporations* §§251, 252 (1955); 35 Ill. L. & Prac. *Trusts* §61 (1958).) Since plaintiff is seeking restitution of her stock, there is no adequate remedy at law. For this reason it has repeatedly been recognized that a plaintiff may properly bring suit in equity to recover stock certificates or other instruments which are evidence of plaintiff's title. *Berber v. Hass* (1965), 57 Ill. App. 2d 109, 207 N.E.2d 96; *McGinniss v. First National Bank* (1919), 214 Ill. App. 295; *Davenport v. Plano Implement Co.* (1897), 70 Ill. App. 161.

While plaintiff's complaint did state a cause of action in equity, a failure to do so would not justify dismissal of the complaint. Rather, the proper remedy would be a transfer to the law division. *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770.

## IV

■■ The final contention of Anar and Sheehan in their motion to dismiss was that the claim was barred by the statute of frauds and laches. The statute of limitations is not a defense to an equitable action. (*Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770.) Furthermore the statute of limitations cannot be raised by a motion to dismiss unless it affirmatively and clearly appears from the complaint that the action is barred. (*Burnett v. West Madison State Bank* (1940), 375 Ill. 402, 31 N.E.2d 776.) Plaintiff in her complaint alleged that Clem and Conners informed plaintiff sometime in 1976 that she had no interest in Anar, that some time prior to this Sheehan became associated with the business and thereafter acquired the stock and plaintiff did not discover its conversion until 1978. She also alleged that the defendants while in exclusive control of Anar appropriated the profits thereof; as to Sheehan, this could not have occurred until he acquired the stock. Suit was filed in 1978, only months after plaintiff allegedly first had notice of the sale. Assuming *arguendo* that the plaintiff's claim was solely one at law, plaintiff had five years in which to bring suit, and there was nothing in her complaint which disclosed that the action was not timely brought.

■■ Laches is also an affirmative defense and before a party can rely on the doctrine of laches, he must plead and prove not only unreasonable delay but prejudice resulting therefrom. (*Kozak v. Retirement Board* (1981), 99 Ill. App. 3d 1015, 425 N.E.2d 1371.) Defendants have done neither here.

## V

■■ Clem in his motion to dismiss contended that verification of the third amended complaint was required under section 35(1) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 35(1)), because the original had been verified. In fact the record discloses that no attempt of any kind

was made to verify the original complaint. Nor was any subsequent complaint verified. The second amended complaint did contain a "certificate" stating "Nicholas T. Kitsos, attorney certifies that the matters set forth herein are true" but this was insufficient to constitute a verification. Section 35 of the Civil Practice Act provides that "any pleading, although not required to be sworn to, may be verified by the oath of the party filing it or of any other person or persons having knowledge of the facts pleaded." The certification here was not under oath. Furthermore, while an attorney having personal knowledge of the facts may verify a complaint (*Standard Bank & Trust Co. v. Cooper* (1968), 100 Ill. App. 2d 42, 241 N.E.2d 564), there is nothing in the record here to show plaintiff's attorney had or claimed to have such knowledge.

### VI

Clem also contended that the complaint was indefinite and uncertain in that the date or dates of the alleged acts of wrongdoing were not adequately specified as required by section 45(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45(1)). Section 45(1) contains no such requirement.

■■ The uncertainty of date does not affect the adequacy of the pleading. As stated in section 42(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 42(2)), no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet. The complaint here adequately alleges a cause of action against Clem for the conversion by Clem of the partnership stock in which plaintiff had a 50 percent interest to his own use. Where the necessary facts appear in the complaint but are insufficiently stated the proper remedy is a motion to make more definite and certain and not a motion to dismiss. (*McCarthy v. Allstate Insurance Co.* (1979), 76 Ill. App. 3d 320, 395 N.E.2d 139; *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 338 N.E.2d 912.) Clem has never asked that the pleading be made more definite and certain.

### VII

■■ Clem's contentions that the suit was barred by the statute of limitations and laches has already been answered by this court as has his contention that the complaint only stated a cause of action at law. It may develop at trial that Clem no longer has an interest in Anar and, plaintiff, assuming she is entitled to recover, can recover only money damages against Clem. However Clem was properly joined under section 24 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 24), as a co-defendant, and equity, having properly assumed jurisdiction over such issues as

constructive trusts and stockholders' rights, can also properly grant legal remedies such as damages. 7 Ill. L. & Prac. *Chancery* §§17, 20 (1954).

## VIII

■■ Clem's remaining contentions in his motion to dismiss are totally without merit in either fact or law. Paragraph 17 of plaintiff's complaint did refer to a written agreement. However, the suit was not based on the agreement and it is only where the suit is founded upon a written agreement that section 36 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 36), requires that a copy be attached to the pleadings.

Clem's seventh ground for dismissal noted that in her original complaint plaintiff alleged that Conners exclusively handled all the financial affairs for her in connection with the conduct of the business of Conway and Conners and Anar. Apparently Clem contended that this constituted a judicial admission directly contradicting plaintiff's allegation that Clem made misrepresentations directly to her concerning the conduct of Anar's business. But this court has already pointed out that the original complaint was not verified. Accordingly, to the extent the pleading was superseded, there was no judicial admission. (*Kleb v. Wendling* (1978), 67 Ill. App. 3d 1016, 385 N.E.2d 346, *appeal denied* (1979), 75 Ill. 2d 591.) Furthermore the fact that Conners may have handled all of the financial affairs of the corporation does not necessarily defeat the effect of any misrepresentations made by Clem to plaintiff concerning the conduct of that business.

Finally, Clem's last contention, that the cause of action has been satisfied because all monies lent to defendants by plaintiff have been repaid, is likewise without merit. First, the suit was not based on the loans but to recover the stock to which she claimed she was entitled because of the partnership agreement. Second, plaintiff did not admit that all monies contributed by her have been repaid. Only the $48,000 loan made by the bank and $1,000 were repaid.

Since, as appears from the foregoing, the motions to dismiss were without merit, the judgment of the trial court dismissing the complaint as to Clem, Anar and Sheehan is reversed and the case remanded for further proceedings.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.