490 So.2d 1107 (1986)
Lillian Pulitzer SMITH and Carol H. Pulitzer, Individually and as Co-Trustees For Susan C. Pulitzer
v.
WEMBLEY INDUSTRIES, INC., Samuel C. Pulitzer, Sidney C. Pulitzer, and Arthur C. Pulitzer.
No. CA-4678.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1986.
Rehearing Denied July 16, 1986.
David Stone, Denise M. Pilié and Barry W. Ashe, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for plaintiffs-appellants.
Jack M. Weiss, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendants-appellees Sidney C. Pulitzer and Arthur C. Pulitzer.
Fred Bronfin, Bronfin, Heller, Steinberg & Berins, New Orleans, for defendants-appellees Wembley Industries, Inc. and Samuel C. Pulitzer.
Leon H. Rittenberg, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, for defendant-appellee Wembley Industries, Inc.
Herbert J. Garon, Garon, Brener & McNeely, New Orleans, for defendants-appellees A.M. Wolff and Anthony Peres.
Before REDMANN, C.J., and WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
This is an appeal from a decision by the trial court maintaining an exception of prematurity filed by defendants-appellees, Wembley Industries, Inc., Samuel C. Pulitzer, Sidney C. Pulitzer, and Arthur C. Pulitzer. Plaintiffs, Lillian Pulitzer Smith and Carol Pulitzer, individually and as co-trustees for Susan C. Pulitzer, allege that the trial court was in error in maintaining the exception.
In October 1980, plaintiffs filed a shareholders' derivative action, alleging that defendants, Samuel, Sidney, and Arthur Pulitzer had breached their fiduciary duty to the company by self-dealing and mismanagement. The basis for this claim is that directors, Samuel, Sidney, and Arthur Pulitzer awarded themselves excessive compensation and extravagant bonuses, despite the fact that the company was in financial trouble. The petition also alleged a number of other instances of misconduct including *1108 lucrative employment contracts and a number of unnecessary fringe benefits defendants had awarded themselves.
The petition also alleged that it would be futile to make any effort to secure from the management an enforcement of the company's rights because the only directors other than Samuel, Sidney, and Arthur Pulitzer were A.M. Wolff and Anthony Peres, each of whom was dependent upon Samuel Pulitzer for his job and livelihood. The petition alleged that there were no independent or disinterested directors of the corporation.
The petition made three requests: (1) an accounting of all money and assets paid to the benefit of the defendants, Samuel, Sidney, and Arthur Pulitzer; (2) judgment against the directors requiring them to restore the money wrongfully paid them or to indemnify the company for the losses resulting from their self-dealing and mismanagement; and (3) nullification of the employment contracts that the board of directors had with Samuel, Sidney, and Arthur Pulitzer.
Defendants filed dilatory exceptions of prematurity and vagueness. The exception of vagueness has been abandoned on appeal. Defendants, however, contend that the plaintiffs were required to make a demand upon the Wembley directors to make an "independent, disinterested, and impartial" decision to sue themselves. Plaintiffs contend that this would be a futile act.
Article 596 of the Louisiana Code of Civil Procedure states the requirements for a shareholders' derivative action. Article 596(2) provides that the petition shall:
[A]llege with particularity the efforts of the plaintiff to secure from the managing directors, governors or trustees and, if necessary, from the shareholders or members, the enforcement of the right; and the reasons for its failure to secure such enforcement; or the reason for not making such an effort to secure enforcement of the right. (Emphasis added.)
The plaintiff's petition fully complies with the "particularity" requirement of Article 596(2).
There are no reported Louisiana decisions construing the "futility" exception of 596(2). Similar provisions requiring pre-litigation demand, and excusing demand if futile, appear in Rule 23.1 of the Federal Rules of Civil Procedure, governing derivative actions and in the corporation laws of other states. See, e.g., Va.Code Sec. 13.1-672 B (1950); Minn.Rules of Civil Procedure, Rule 23.06.
One principle that emerges clearly from reported federal decisions and those from other state courts construing the futility exception is that demand is excused when a majority of directors is involved in the self-dealing and mismanagement that is the subject of the suit. General Electric v. Bucyrus-Erie Co., 563 F.Supp. 970 (S.D.N. Y.1983); Valiquet v. First Federal Savings and Loan Association, 86 Ill.App.3d 195, 42 Ill.Dec. 212, 408 N.E.2d 921 (1980). As one commentator noted, "[C]ourts have unanimously held that in such a case the demand is futile since it is unreasonable to think that a man will vote to bring suit against himself." Note, 73 Harv.L.Rev. 729, 753 (1960).
In Clark Enterprises, Inc. v. Holywell Corp., 559 F.Supp. 1307 (E.D.Va.1983), shareholders brought a derivative action on behalf of a corporation against its controlling director, alleging misappropriation and waste of corporate funds. The defendants moved to dismiss under Rule 23.1 of the Federal Rules of Civil Procedure, alleging that the plaintiff had not made demand upon the board of directors. Because of the interest of the controlling director in the challenged activity, the court concluded that demand would constitute no more than a useless exercise that would delay the eventual filing of the suit. Additionally, in Conway v. Connors, 101 Ill.App.3d 121, 56 Ill.Dec. 610, 427 N.E.2d 1015, 1019 (1981), the court excused the plaintiffs in a derivative action from making demand when "the directors or officers sought to be sued are in control of the corporation."
Each of the cases relied upon by the defendants and cited by the trial court in *1109 its Reasons for Judgment in which demand was held not to be excused, involved either a finding that there were independent directors or a holding that the plaintiff had failed to allege with particularity the facts establishing futility.
By far the weight of jurisprudence in other state and federal jurisdictions accepts the view that demand is excused when a majority of directors is involved in the self-dealing and mismanagement that are the subject of the suit. We find that those state and federal decisions holding that it would be futile to ask someone to sue themselves are better-reasoned and the more realistic approach to the issue. That Samuel, Sidney, and Arthur Pulitzer constituted a majority of the Wembley board of directors is dispositive of this appeal, and, therefore, we need not reach the issue of whether the other two directors, A.M. Wolff and Anthony Peres, were "independent" and "disinterested."
For these reasons, the judgment of the trial court dismissing plaintiffs' actions for prematurity should be reversed, and the case remanded to proceed with trial. All costs are to be borne by appellee.
REVERSED.