538 So.2d 1045 (1989)
David ROBINSON
v.
SNELL'S LIMBS AND BRACES OF NEW ORLEANS, INC., et al.
No. 88-CA-1144.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1989.
*1046 David L. Neeb, Cronvich, Wambsgans, and Michalzyk, Metairie, for plaintiff-appellant David Robinson.
Thomas A. Casey, Jr., Lynn L. White, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellees Snell's Limbs & Braces of New Orleans, Inc., et al.
Before BARRY, KLEES and BECKER, JJ.
KLEES, Judge.
This is an appeal from a decision by the trial court maintaining exceptions of prematurity and no right of action filed by defendants-appellees, Snell's Limbs and Braces of New Orleans, Inc., et al, Claude J. Lambert, Bonnie J. Lambert, and Michael E. Lambert ("individual defendants"). Also on appeal is the trial court's dismissal of a motion filed by the plaintiff-appellant, David Robinson, seeking to disqualify the law firm representing defendants. Plaintiff alleges that the trial court was in error in maintaining the exceptions and in failing to disqualify the law firm. We affirm in part and reverse in part.
In May 1987, the plaintiff, David Robinson, filed a shareholder derivative action as well as a direct action alleging that the individual defendants had breached their fiduciary duty to the company by self-dealing and mismanagement of the corporation. The basis of the claim was that the individual defendants, as directors of Snell's Limbs and Braces of New Orleans, Inc., had awarded themselves excessive compensation and had used corporate funds for personal expenses, repayment of personal debts and acquisition of automobiles not for the benefit of the corporation. Robinson, a minority shareholder in Snell's Limbs and Braces, alleged that these actions had caused the corporation harm and had injured him individually because of the corporation's failure to pay dividends.
The defendants contended that the petition was premature because no prior demand for relief had been made upon the board of directors. In addition, the defendants challenged plaintiff's right of action to seek access to the company's books and records. Plaintiff opposed these exceptions and also filed a motion to disqualify the law firm representing the individual defendants and the corporation, alleging that such double representation presented a conflict of interest. The trial judge maintained the exceptions and refused to disqualify the law firm. Defendants reiterate their objections on appeal.
First, defendants allege that the plaintiff was required to make a prior demand upon Snell's board of directors to enforce the company's rights against self-dealing and mismanagement; whereas, the plaintiff contends such a demand would have been a futile act because the individual defendants constitute the entire board.
Article 596 of the Louisiana Code of Civil Procedure states the requirements for a shareholder's derivative action. Article 596(2) provides that the petition shall:
Allege with particularity the efforts of the plaintiff to secure from the managing directors, governors, or trustees and, if necessary from the shareholders or members, the enforcement of the right; and the reasons for his failure to secure enforcement; or the reason for not making such an effort to secure enforcement of the right. (Emphasis added).
Article 596 requires that a demand be made prior to filing suit unless such a demand is futile. This court has held that demand upon the board of directors is excused when a majority of the directors is involved in the self-dealing and mismanagement which are the subject of the suit. Smith v. Wembley Industries, Inc., 490 So.2d 1107, 1109 (La.App. 4th Cir.1986). In Smith, the shareholders brought a derivative action on behalf of the corporation *1047 against a majority of the board of directors, alleging that they had received excessive compensation and extravagant bonuses. Defendants filed an exception of prematurity on the basis that no prior demand had been made on the board of directors. Finding no reported Louisiana decisions construing the "futility" exception of 596(2), we reviewed the jurisprudence from other jurisdictions and adopted the rule that such a demand is futile when a majority of the directors is involved in the conduct complained of in the suit. The reasoning behind this rule is that it would be futile to ask a person to sue himself. Smith, supra, at 1109. As three of the five Wembley directors were alleged to have breached their fiduciary duties, we held that a demand upon the board was not a prerequisite to the suit. Id.
La.C.C.P. Art. 596(2) also requires that the plaintiff state his reasons for not having made an effort to secure enforcement of the right. In the instant case, the petition states:
Plaintiff has made no effort to secure action from the directors or other shareholders of the corporation ... for the reason that the individual defendants herein constitute the entire board of directors of the corporation and its other shareholders and any demand on the board or other shareholders that it or they bring action in the name of the corporation would have been futile.
The plaintiff's petition thus fully complies with the particularity requirement of Article 596(2), as did the petition in Smith. 490 So.2d at 1108. Therefore, as we held in Smith, the fact that the directors being sued constitute a majority of the Snell's Board of directors is dispositive of this issue on appeal. The trial judge erred in maintaining the exception of prematurity.
The trial judge also erred in maintaining the exception of no right of action. Defendants contended that plaintiff had no right to inspect the books and records of the corporation because plaintiff is a business competitor who owns less than twenty-five percent of the shares of the corporation. La.R.S. 12:103D(2) provides that a business competitor must own at least twenty-five percent of the corporation's stock for a period of six months before he can demand the statutory right to inspect the books. Defendants filed an affadavit stating that the plaintiff is employed by a competing corporation and owns twenty-four of the one hundred shares of stock issued by Snell. Based on this evidence, the trial judge sustained the exception of no right of action.
The peremptory exception of no right of action refers to the right or interest of the plaintiff in instituting the suit. La.C.C.P. art. 927. The trial judge erred in maintaining this exception because Robinson, as a shareholder, clearly has the right to bring a shareholder's derivative suit against the directors. As plaintiff points out in his brief, the suit is not a mandamus action to compel the corporation to grant him the right of inspection under R.S. 12:103. Neither does plaintiff request this right in the prayer of his petition. In paragraph 16 of the petition, plaintiff does assert that he is entitled to a "complete review" of the corporation's books and records, but this assertion should not trigger an exception of no right of action. If defendants wanted to establish prior to trial that plaintiff does not have the statutory right of inspection, they should have brought a motion for partial summary judgment rather than an exception of no right of action. Louisiana procedural law does not provide for partial dismissal of an action based on a peremptory exception; such exceptions are properly used only to dismiss the entire action. See Degel v. Deffes, 398 So.2d 1256 (La.App. 4th Cir. 1981). We therefore reverse the trial court's decision maintaining the exception of no right of action.
Finally, plaintiff suggests that the law firm of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, et al, counsel for the defendants, should be disqualified because of the potential conflict of interest arising from its representation of the corporation as well as the individual defendants. The trial judge correctly denied this motion; because under the Model Rules of *1048 Professional Conduct, no such potential conflict of interest is present.
Rule 1.7 comment of the Model Rules, the general rule regarding conflicts of interest, provides:
Loyalty is an essential element in the lawyer's relationship to a client. Therefore:
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless:
(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation (b) A lawyer shall not represent a client if the representation of the client may be materially limited by the lawyer's responsibilities or by the lawyer's own interest, unless;
(1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
Specifically, Rule 1.13 of the Model Rules is concerned with the representation of an organization such as a corporation. Rule 1.13(e) provides:
A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provision of Rule 1.7. If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.
The Model Rules provide that a conflict of interest arises only if the interests of the respective clients are adverse and if the clients have failed to consent to dual representation. Both of these elements must be proven before a conflict is found to exist.
There are no reported Louisiana decisions construing the conflict of interest provisions of the Model Rules in light of a representation by a law firm of both the corporation and the individual defendants in a derivative action. However, it is well established under Louisiana law that an action for mismanagement, fraud or breach of fiduciary duty belongs to the corporate entity and not to the individual shareholder who brings the derivative action. Noe v. Roussel, 310 So.2d 806 (La.1975); Albright v. Prentice, 425 So.2d 336 (La.App. 3d Cir. 1982). The basic goal of a derivative action is for the shareholder to recover money on behalf of the corporation, and for any innocent shareholders to recover from the wrongdoing officers and directors. Amounts awarded in such an action are therefore recoverable by the corporation from the officers and directors for the benefit of the corporation and all the shareholders.
The individual shareholder/plaintiff must bring a derivative action on behalf of the corporation to enforce the corporation's rights against the individual defendants. La.R.S. 12:91; La.C.C.P. Art. 596. Thus, in a derivative action, the shareholder bringing the suit is only a nominal plaintiff, and the real party plaintiff is the corporation because the shareholder claims to be suing on behalf of the corporation. Kohler v. McClellan, 77 F.Supp. 308 (E.D.La.1948), aff'd, 174 F.2d 946 (5th Cir.1949). In addition, Article 596 of Louisiana Code of Civil Procedure requires that the derivative shareholder name both the directors and the corporation as defendants. La.C.C.P. Art. 596(3). Therefore, the corporation is both a passive plaintiff and a named defendant.
Although the corporation appears as a party on both sides of the lawsuit, its true interest lies with the plaintiff shareholder; it is only nominally a defendant. Therefore, Jones, Walker represents only the interests of the individual directors who have allegedly harmed the corporation, and the plaintiff's counsel actually represents the interest of the corporation, to which any recovery will be returned. Jones, *1049 Walker is not representing adverse interests because the corporation has no interest as a defendant; it is merely required to be named as one.
Therefore, in the absence of any substantive case law on the issue in this jurisdiction, we hold that there is no conflict of interest because there are really no adverse interests being represented. We therefore affirm the trial court's ruling dismissing plaintiff's motion to disqualify defendants' counsel.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff's action on exceptions of prematurity and no right of action is reversed, and the case is remanded to the trial court. The trial court's dismissal of plaintiff's motion to disqualify the law firm is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.