|,LEON A. CANNIZZARO, JR., Judge.
The plaintiff, Myra Harris, appeals from a trial court judgment dismissing her suit on an exception of no cause of action.
FACTS AND PROCEDURAL HISTORY
Harris is the owner and resident of condominium Unit 429 in the Federal Fibre Mills building located at 1107 South Peters Street in New Orleans. Janice Padwa, the owner of condominium Unit 329, which is located directly below Harris’ unit, leased her unit in September 2001. From September 24, 2001 through January 15, 2002, Harris sent seventeen letters to the Board of Directors (“Board”) of the Federal Fi-bre Mills Condominium Association, Inc. (“Condominium Association”), complaining of unreasonable noises and other disturbances that emanated from Unit 829, which interfered with the use and enjoyment of her unit. She claimed that the tenant in Unit 329 had played the television and stereo at full volume between 12:00 midnight and 6:00 a.m.; had hosted several loud parties that lasted until 6:00 a.m.; had wailed and screamed on numerous occasions in the early [ ¡>morning hours; and had banged routinely on the ceiling and pipes of Unit 329. Harris also reported the disturbances to the budding’s security and the New Orleans Police Department. Dissatisfied with the response to her complaints, she filed suit against the Condominium Association on March 26, 2002.
Harris avers that the Condominium Association is the governing body of the unit owners at the Federal Fibre Mills Condominium and is responsible for the administration, operation, and enforcement of all covenants and restrictions applicable to the condominium units located on the property. She further avers that pursuant to the provisions of the Declaration of Condominium Regime (“Declaration”), the Board has promulgated, adopted, and disseminated rules and regulations pertaining to all condominium units. Specifically, Harris’ petition states, in part:
V.
Janice L. Padwa (“Padwa”) is the owner of Unit No. 329 located in the Property (“Owner”). On or about September, 2002[sic], Owner leased Unit No. 329. In accordance with Section 36.25 of the Declaration and Paragraph 18 of the Rules, all unit leases must, among other things, be in writing and must contain a clause requiring the les *460 see to comply with the Rules and the terms contained in the Declaration and failure to do so shall constitute a default under the lease.
VI.
Section 36.7 of the Declaration states: “No Unit Owner or Occupant shall play, or permit to be played, any musical instrument, or permit to be operated a phonograph or radio loudspeaker in any Unit or on the Property between the hours of 11:00 o’clock P.M. [sic] and the following 9:00 a.m., if the same may tend to disturb or annoy other Occupants of the Buildings nor shall any Occupant or Unit owner commit or permit any | ¡¡nuisance, or immoral or illegal act in his Unit or on the Property.”
VII.
Section 36.9 of the Declaration states: “No noxious or offensive activity shall be carried on in, on or about any Unit or the Common Elements;”. Section 36.20 of the Declaration states, in part: “No immoral, improper, offensive or unlawful use shall be made of the Property ...” and Article VIII, Section 1 of the Association’s By-Laws provides: “No unlawful, noxious or offensive activities shall be carried on in any Unit or elsewhere on the Property, nor shall anything by [sic] done therein or thereon which, in the judgment of the Board, constitutes a nuisance, causes unreasonable noise or disturbance to others, or unreasonably interferes with other Unit Owners’ use of their Units and the Common Elements.” Identical language may be found in Paragraph 1 of the Rules.
VIII.
Section 36.17 of the Declaration states: “No nuisances shall be allowed upon the Property nor shall any use or practice be allowed which is a source of annoyance to residents or which interferes with the peaceful possession and proper use of the Property by its residents;”
IX.
Section 36.23 of the Declaration states, in part: “No Unit Owner shall ... operate any machines, appliances, accessories or equipment in such manner as to cause, in the sole judgment of the Board, an unreasonable disturbance to others, ... ”.
X.
Section 37 of the Declaration confers upon the Association the right to enforce the foregoing restrictions (See also Section 8, subparagraph i of the By-Laws). Paragraph 23 of the Rules authorizes the Board, “... after notice and an opportunity to be heard, ... ” to “... levy reasonable fines for violations of the Declaration, by-laws, and Rules and Regulations of the Association.”
pHarris alleges that the Board instructed the building’s security to ignore her complaints and took no action to remedy the violations by Padwa’s lessee until January 15, 2002, when it sent a letter to Padwa and her lessee informing them that it would enforce its rules. Last, she alleges that:
[T]he Board knowingly and deliberately, through its acts and/or omissions, directly or indirectly, condoned the illegal and violative actions of the Owner’s lessee and knowingly and deliberately ignored the resultant egregious consequences to Plaintiff. Plaintiff avers that this consti *461 tutes an intentional infliction of emotional distress, a breach of contract, a nuisance and actions in consummate bad faith causing general and special damages to Plaintiff, including attorney’s fees and all costs of these proceedings, all of which shall be proven at trial.
APPLICABLE LAW
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords the plaintiff a remedy on the facts alleged in the pleading. Jackson v. State ex rel. Dept. of Corrections, 2000-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C. Pr. Art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at trial of the exception is whether, on the face of the petition, the plaintiff legally is entitled to the relief sought. Hall v. Zen Noh Grain Corp., 2001-0324, p. 2 (La.4/27/01), 787 So.2d 280.
| Jn reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court conducts a de novo analysis because the exception raises a question of law. City of New Orleans v. Board of Commissioners of the Orleans Levee Dist., 93-0690, p. 29 (La.7/5/94), 640 So.2d 237, 253. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. See Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
DISCUSSION
Applying the aforementioned principles to the instant case, Harris’ petition fails to state a cause of action for which the law affords her a remedy. As stated in paragraph X of the petition, section 37 of the Declaration merely confers upon the Condominium Association the right to enforce its rules, regulations and restrictions, while paragraph 23 of the rules authorizes the Board to levy reasonable fines for violations thereof. As such, the Condominium Association has no duty to enforce rules, regulations, or restrictions to ensure unit owners the peaceful possession of their units. Furthermore, the petition sets forth no statute or theory of law that imposes a duty on the Condominium Association to protect unit owners from disturbances created by third parties. Interestingly, Harris named neither Padwa nor her lessee, the persons alleged to have violated the Condominium Association’s rules and regulations, as a defendant in the suit.
| fiIn her appeal brief, Harris cites La. R.S. 9:1121.101 et seq., the Louisiana Condominium Act, in support of her argument that she has a cause of action against the Condominium Association for violations of its rules and regulations by Padwa and her lessee. La. R.S. 9:1123.102[1], *462 which sets forth the powers of the unit owners’ association, is strictly permissive. Nothing in the statute mandates the Condominium Association to enforce rules and regulations to protect unit owners from disturbances created by other unit owners and/ or their lessees, tenants, or occupants. As to the contents of a condominium declaration, La. R.S. 9:1122.105 |7B(7) provides that the condominium declaration may contain use restrictions. Similarly, La. R.S. 9:1123.106 C, relative to a condominium association’s bylaws, provides that the bylaws may include provisions deemed necessary or desirable for the administration of the condominium property. Thus, the Condominium Association was not obligated to adopt use restrictions in its Declaration or to implement measures in its bylaws to protect unit owners from disturbances created by other unit owners, tenants, lessees, or occupants.
Harris also cites the Louisiana Supreme Court’s decision in Mary v. Lupin Foundation, 609 So.2d 184 (La.1992), for the proposition that La. R.S. 12:226 A[2] of the Louisiana Nonprofit Corporation Law[3] provides a unit owner a cause of action against a condominium association for a breach of its fiduciary duty.
The Lupin case involved a derivative action brought by Dr. Charles Mary, a member and director of the Lupin Foundation, individually and on behalf of the foundation against three other directors (inside defendants) for allegedly breaching their fiduciary duties by arranging an undervalued sale of the St. Charles General Hospital in exchange for an agreement by the purchaser to acquire three other companies owned by the inside defendants. The Lupin Foundation, a nonprofit corporation, owned and operated the St. Charles General Hospital. The issue before the Court was whether the plaintiff had a cause of action against the three Rinside defendants premised upon a breach of fiduciary duties set forth in La. R.S. 12:226 A.
*463 No Louisiana court had ever interpreted this statute; the Supreme Court referred to cases under the provisions of the Louisiana Business Corporation Law, La. R.S. 12:1 et seq., for guidance in its interpretation. In Levy v. Billeaud, 443 So.2d 539 (La.1983), the Supreme Court held a corporate liquidator stands in a fiduciary relationship with the corporation and its shareholders and must adhere to the fiduciary duty standard applicable to officers and directors of business corporations set forth in La. R.S. 12:91. The Court also noted that lower courts recognized a cause of action arising under La. R.S. 12:91 for the failure of a business corporation’s directors to comply with their fiduciary duties in Robinson v. Snell’s Limbs and Braces, 538 So.2d 1045 (La.App. 4 Cir.1989) and Dunbar v. Williams, 554 So.2d 56 (La.App. 4 Cir.1988). The jurisprudence, the Court opined, provided a persuasive indication that a cause of action may be premised on a director’s breach of the standard of conduct set forth in La. R.S. 12:226. It further observed that allowing a cause of action for such breaches comports with the general intent of La. R.S. 12:226 A to prohibit all types of fiduciary breaches by officers and directors. Thus, the Court concluded a cause of action may be premised on a violation of the standard of conduct set forth in La. R.S. 12:226 A.
Harris’ reliance on the Lupin case is misplaced. In Lupin, Dr. Mary clearly alleged that the inside defendants, who constituted a majority of the board of directors of the corporation, devised and carried out a scheme to sell the hospital | flfor $5 million less than its actual value in order to sell to the same purchaser three essentially worthless corporations, which they owned, at the highly inflated price of $5 million, the amount corresponding to the undervaluation in the sale of the hospital. The plaintiff alleged the inside defendants’ self-dealing scheme involved negligent and intentional misrepresentations and omissions, failure to act in good faith, and other unlawful conduct all of which constituted a breach of their fiduciary duties to the nonprofit corporation.
In the instant case, Harris fails to allege any act or omission on the part of the Condominium Association or the Board that can be interpreted as a breach of a fiduciary duty. As previously stated, the Condominium Association had no duty to adopt and/or enforce any use restrictions, rules, or regulations to protect unit owners from disturbances created by third parties. The only factual allegation of an act or omission on the part of the Condominium Association and/or the Board is in paragraph XII of the petition, which states, “[o]n information and belief, [the building’s] security was subsequently instructed by the Board in October 2001, not to witness plaintiffs noise/disturbance reports any longer.” Even accepting this allegation as true, the Board’s action cannot be construed as a breach of a fiduciary duty or a failure to act in good faith.
Harris’ argument that her petition states a cause of action for the intentional infliction of emotional distress is without merit. To recover damages under this theory, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; hnand (3) that the defendant desired to inflict severe emotional distress or knew that severe emotioqal distress would be certain or substantially certain to result from his conduct. White v. Monsanto Co., 585 So.2d 1205, 1209 (La.1991). The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. King v. *464 Phelps Dunbar L.L.P., 98-1805 (La.6/4/99), 743 So.2d 181. Harris’ petition contains no factual allegations on the part of the Condominium Association and/or the Board sufficient to meet these standards.
Likewise, Harris’ claim that her petition states a cause of action for nuisance is without merit. The petition clearly alleges that Padwa and her lessee created the nuisance, not the Condominium Association.
Finally, Harris’ petition does not state a cause of action for breach of contract as it fails to allege that any contract existed between her and the Condominium Association.
CONCLUSION
Accordingly, for the above reasons, the judgment of the trial court dismissing Harris’ suit is affirmed.
AFFIRMED.

. La. R.S. 9:1123.102 provides:
Subject to the provisions of the declaration, the association, even if unincorporated, may:
(1) Adopt and amend bylaws and rules and regulations.
(2) Adopt and amend budgets for revenues, expenditures, and reserves and make and collect assessments for common expenses from unit owners.
(3) Hire and terminate managing agents and other employees, agents, and independent contractors.
(4) Institute, defend, or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more *462 unit owners on matters affecting the condominium.
(5) Make contracts and incur liabilities.
(6) Regulate the use, maintenance, repair, replacement, and modification of common elements.
(7) Cause additional improvements to be made as a part of the common elements.
(8) Acquire, hold, encumber, and convey in its own name any right, title, or interest to real or personal property.
(9) Grant easements, leases, licenses, and concessions, through or over the common elements.
(10) Impose and receive any payments, fees, or charges for the use, rental, or operation of the common elements.
(11) Impose charges for later payment of assessments and, after notice and an opportunity to be heard, levy reasonable fines for violations of the declaration, bylaws, and rules and regulations of the association and, when the violation is a failure to pay for services, interrupt those services until the violation has ceased.
(12) Impose reasonable charges for the preparation and recordation of amend-merits to the declaration, resale, certificates required by Section 1124.107, or statements of unpaid assessments.
(13) Provide for the indemnification of its officers and executive board and maintain directors' and officers' liability insurance.
(14) Exercise any other powers conferred by the declaration or bylaws.
(15) Exercise all other powers that may be exercised in this state by legal entities of the same type as the association, and
(16) Exercise any other powers necessary and proper for the governance and operation of the association.

. La. R.S. 12:226 A provides:
Officers and directors shall be deemed to stand in a fiduciary relation to the corporation and its members and shall discharge the duties of their respective positions in good faith, and with that diligence, care, judgment and skill which ordinarily prudent men would exercise under similar circumstances in like positions.

. La. R.S. 12:201 et seq.